D. C. Bramlett *v.* G. A. Wetlin.

1. Assignment. *Record debt. Cancellation. Code 1892, § 2461; not retroactive.*

    Section 2461, code 1892, providing that an assignment of a debt secured by mortgage or other lien of record, unless noted on the margin of the record, shall be ineffectual to prevent a cancellation thereof on the record by the original creditor as against creditors and purchasers for value without notice, has no application to assignments made before the code went into effect.

2. Assignment of Judgment. *Prior vendor's lien. Cancellation by vendor.*

    Where land is subject to a judgment lien and to a prior vendor's lien, which has been assigned, and a person buys the judgment on the mistaken assurance of the vendor that the purchase-money is paid, and procures him to satisfy the lien of record, such unauthorized cancellation will not release the vendor's lien outstanding in the assignee. Nor will a purchase of the land at execution sale under his judgment, though without notice of the assignment of the vendor's lien, give such person any higher right, since he gets only the interest of the defendant in execution.

From the chancery court of Wilkinson county.

Hon. Claude Pintard, Chancellor.

The land in controversy was owned by J. H. Jones, who sold it, in 1887, to Leak on credit, taking notes for the price, and expressly reserving a lien for their payment. The notes he assigned to Lindenmayer, who in turn transferred them

to appellee, Wetlin, both transfers being prior to the adoption of the code of 1892. There was an unsatisfied enrolled judgment for about ninety dollars against Leak, and when he bought the land it became subject, secondarily, to such judgment. In 1893 Bramlett, the appellant, entered into negotiations for the purchase of the judgment from the judgment creditor, and applied to Jones to know if the vendor's lien appearing of record had been discharged. Jones told him that the purchase-money had been paid, and, at Bramlett's suggestion, noted a cancellation of the vendor's lien on the margin of the record of the deed. Thereupon, Bramlett purchased the judgment, and caused execution to issue thereon and the land to be levied upon and advertised for sale. After his purchase but before the sale, Jones recalled the fact that the purchase-money had not been paid to him by Leak, but that he had sold the notes, and that they were held by Wetlin. He at once notified Bramlett of his mistake, and corrected his previous entry on the record.

At the sale under the execution, Bramlett became the purchaser, and received a deed from the sheriff. Whereupon, Wetlin filed this bill against Leak and Bramlett to subject the land to the lien of the purchase-notes. Decree for complainant, and Bramlett appeals.

Section 2461, code 1892, reference to which is made in the opinion, provides that where a debt secured by mortgage, trust-deed or other lien of record is transferred or assigned, the assignment shall be noted on the margin of the record, otherwise a cancellation of the lien noted on such record by the original creditor shall release the lien as against purchasers and creditors without notice.

*A. G. Shannon,* for appellant.

A judgment takes precedence of an unrecorded equity. *Mississippi Valley Co.* v. *Railroad Co.,* 58 Miss., 846. *A fortiori* should it take precedence of a lien which the record affirmatively shows has been canceled. Bramlett did all that

strictest prudence could suggest. He had the right to rely on the record and the statements of the payee. *Bebee* v. *Bank*, 3 Am. Dec., 353. Section 2461, code 1892, was in force before satisfaction of the lien, and applies here.

*J. H. Jones*, for appellee.

To give § 2461, code 1892, a retroactive effect would be to impair a vested right arising under a contract. That appellee's right is a vested one, see 3 Am. & Eng. Enc. L., 758; *Bank* v. *Knapp*, 61 Miss., 485; *Oldham* v. *Ledbetter*, 1 How., 43. Appellee's rights could not be prejudiced by the unauthorized act of Jones in satisfying the lien of record. Bramlett is a mere volunteer. The fact that he purchased at execution sale does not make him an innocent purchaser.

CAMPBELL, C. J., delivered the opinion of the court.

Bramlett was neither a subsequent creditor nor purchaser, within the meaning of § 2461 of the code of 1892. The statute has reference to one who becomes a creditor of the holder of the subject of the lien subsequent to the assignment not noted on the record, or a purchaser for value without notice of the subject of the lien after the assignment. By purchasing, Bramlett got the right of the judgment creditor only, and he was not a subsequent creditor, but a prior one; and by purchasing at the sale under the execution he acquired no higher right, for it has been often decided in this state that a purchaser at execution sale acquires just the interest of the defendant in the execution, subject to all the equities of third persons. But § 2461 did not apply to the assignment involved in this case, because it was made before the code of 1892 became operative and it had no effect on the past transaction.

*Affirmed.*