## H. W. DRANE ET AL. v. H. F. NEWSOM.

RECORD LIENS. *Statute of limitations. Renewal of debt.* Code 1892, § 2462, *not retroactive.*

Section 2462, code 1892, providing that a renewal or extension of a debt secured by mortgage, or other lien, that appears on the face of the record to be barred by the statute of limitations, shall have no effect as to creditors and subsequent purchasers for a valuable consideration without notice, unless noted on the margin of the record, has no application to renewals or extensions made before the code went into effect. *Bramlett* v. *Wetlin*, 71 Miss., 902, cited.

FROM the chancery court of DeSoto county.

HON. B. T. KIMBROUGH, Chancellor.

This was a proceeding by injunction brought by the appellee on September 22, 1894, as purchaser under a duly recorded trust deed, to enjoin two subsequent creditors of the grantor, one from selling the land under a judgment in attachment against the grantor, and the other from foreclosing his deed of trust given by the grantor on the same land, and for the cancellation of said deed. The note secured by the deed of trust under which complainant bought, in September, 1894, was executed on September 29, 1885, and fell due twelve months after date, and appeared to be barred on the face of the record when the injunction suit was instituted, and also when the attachment was levied by the one defendant, in June, 1894, and the subsequent deed of trust given to the other, in July, 1894. In point of fact, however, it had been renewed by new promise, in writing, indorsed thereon on September 4, 1891, within six years anterior to the commencement of the injunction suit and the trial. The renewal was never entered of record, and the controlling question in the cause was whether or not § 2462,

code 1892, applies to renewals made prior to the time when that code became operative.

The statute is as follows: " Where the remedy to enforce any mortgage, deed of trust or other lien on real or personal property which is recorded, appears on the face of the record to be barred by the statute of limitations, the lien shall cease, and have no effect as to creditors and subsequent purchasers for a valuable consideration without notice, unless, within six months after such remedy is so barred, the fact that such mortgage, deed of trust or lien has been renewed or extended be entered on the margin of the record thereof, or a new mortgage, deed of trust or lien, noting the fact of renewal or extension, be duly filed for record within such time."

Decree perpetuating the injunction, and vacating the subsequent trust deed, and also the judgment in attachment in so far as it condemns to sale the lands in controversy. Appeal by defendants.

*R. L. Dabney* and *Farley & Lauderdale*, for appellant, Redding.

The object of § 2462, code 1892, and the evils intended to be remedied thereby, strongly indicate that it was intended to relate to past as well as future renewals; and it was no hardship to require of the holders of such secured debts to enter on the record a note of the fact of renewal. It would do them no harm, and protect others with whom the incumbrancer might deal. In the case at bar, Mrs. Newsom had twenty-two months after the code went into effect to enter such renewal of record before Redding took the trust deed securing his debt. *Watson* v. *Doherty,* 56 Miss., 628; *Briscoe* v. *Anketell,* 28 *Ib.*, 361; *Tarpley* v. *Hamer,* 9 Smed. & M., 310. The statute is not retroactive in the sense that would bring it under condemnation. It does not affect the right, but the remedy only. The law imposed only a statutory condition upon the enforcement of the lien, with ample time for its performance.

*A. M. Solomon* and *A. M. Lauderdale* and *Calhoon & Green*, for the appellants.

The application of § 2462, code 1892, to the renewal of appellee's note does not impair the obligation of any contract. The statute only goes to the remedy, and changes the remedy only as to creditors and subsequent purchasers without notice. The legislature has the power to shorten the period of limitation of actions, to change existing rules of evidence, and to prescribe new rules of evidence and judicial proceedings, so as to affect both past and future rights of action. *Briscoe* v. *Anketell*, 28 Miss., 361.

"An act cannot be said to impair a lien, which leaves it entirely at the discretion of the party whether he will preserve it or not." *Tarpley* v. *Hamer*, 9 Smed. & M., 310; *Watson* v. *Doherty*, 56 Miss., 628.

*McKenzie & Holmes*, for the appellee.

To give § 2462, code 1892, the effect appellants contend for would make it retroactive and obnoxious to the constitution of the state as impairing the obligation of a contract. *Bramlett* v. *Wetlin*, 71 Miss., 902. The contract would not only be impaired, but destroyed altogether by the application of the statute to it. The remedy and the right in this case are the same. Without the remedy—that is, without the right to subject the land covered by the trust deed—the debt would be worthless. Const. Miss., § 16; 49 Miss., 790; 50 *Ib.*, 677; Cooley's Const. Lim. (4th ed.), pp. 348–354; 62 Miss., 798.

WOODS, J., delivered the opinion of the court.

Following *Bramlett* v. *Wetlin*, 71 Miss., 902, the judgment of the court below is

*Affirmed.*