ROBERT G. STEPHENS v. ALBERT G. ROBY.

Where a judgment has been rendered against several as partners, it affects them as individuals, so far as the rights of the plaintiff are concerned; and in a suit on the judgment, it is not material whether they are described as partners, or not.

The executions issuing on a judgment, are not properly a part of the record of the judgment.

In a suit upon a transcript of a record of a judgment rendered in another State, it is only necessary to aver that the judgment was duly rendered, and the presumption of law is that the judgment was valid and regular until the contrary is shown.

A party cannot show satisfaction of a judgment under the plea of *nul tiel record.*

The cost of the transcript of a judgment is properly regarded as part of the original judgment.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

The facts are contained in the opinion of the court.

*Herbert* for appellant.

*T. J.* and *F. A. R. Wharton* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

Stephens *v.* Roby.

This was an action of debt founded on a judgment rendered by the county court of Franklin county for the State of Alabama, in favor of the defendant in error against the plaintiff in error, and three other persons as partners. This action was against all the original defendants, and a judgment by default was rendered against all of them, except the plaintiff in error, who pleaded *nul tiel record*, upon which issue was joined.

Exception was taken to the rulings of the court on the trial upon several points, which are assigned for error here, and which we will proceed to notice.

First. In support of the issue, the plaintiff below offered in evidence a duly authenticated transcript of the record of the judgment sued on, to which the defendant objected, and the objection was overruled. The grounds of objection are, 1st, that the judgment sued on was rendered against the defendants as partners, and this suit is against them as individuals, which is alleged to be a variance. This objection is untenable. After the judgment was rendered, it affected them as individuals; and so far as the rights of the plaintiff were concerned, it was immaterial whether they were described as partners or not in this suit, as a judgment against them as individuals would bind both the individual and partnership property. The description of the persons in the first suit was, therefore, unnecessary in the present action.

Secondly. It was objected that the transcript was uncertain and contradictory, in one part showing that the judgment was rendered against Rhea, one of the defendants in this action, and in another part omitting Rhea as a defendant, and containing the name of Charles Cooper in the place of it. The record of the judgment is regular, and shows that Rhea was a defendant. It is only in the executions issued upon it, and which are included in the transcript offered in evidence, that the variance appears. The executions are not properly a part of the record of the judgment, and the variance was, therefore, immaterial to the purposes of this suit.

Thirdly. It appeared by the transcript, that there was no service of process upon the defendant Stephens, and that he did not appear or plead to the action. The record of the judgment.

was, therefore, objected to as void for want of jurisdiction as to him. To obviate this objection, the plaintiff offered in evidence the statute of the State of Alabama, which provides, in substance, that in all actions against partners, service of the writ upon any one of them shall be equivalent to service upon all, and the suit shall be proceeded with as if the writ had been served on each defendant. In this case, service had been made on one of the partners, though not upon the plaintiff in error, and the case was proceeded with to judgment under the provisions of the statute. The plaintiff in error objected to this statute as evidence, and the objection was overruled. The ground of the objection was, that the statute of Alabama justifying the judgment was not pleaded in the declaration in this action, which was necessary to give validity to the judgment; but there is no substance in it. The gist of the complaint was, that the plaintiff had duly recovered a judgment in Alabama against the plaintiff in error, which remained unsatisfied and in full force. It was only necessary to aver that the judgment was duly rendered, and that question of course was to be resolved by the laws of that State. The presumption of law is that the judgment was valid and regular, and it was time enough for the plaintiff to show that the process was duly served on the defendant when objection for the want of such service should be made, and it was not for the plaintiff to anticipate that objection to the judgment would be made upon a ground which was untenable under the law of the State where it was rendered.

Fourth. It is insisted that the judgment is erroneous, because the transcript of the record offered in evidence shows that executions in Alabama were levied upon personal property of the defendants, which is not shown to have been disposed of; that this was in law a satisfaction of the judgment, and under the averment in the declaration, that the judgment remained unsatisfied, that the plaintiff was not entitled to recover. But this cannot avail the plaintiff in error, as the case is presented by the record, because the only issue made was under the plea of *nul tiel record,* which presented the sole question whether there was such a judgment as that declared on. Under that issue, it

was not competent to look to the executions, for they were not part of the record of the judgment sued on. The due rendition of the judgment was altogether a different thing from its satisfaction; and if the plaintiff in error had intended to rely upon a satisfaction, it should have been set up by the proper plea. It was clearly incompetent under the plea of *nul tiel ecord.*

The last error assigned is, that the judgment is for a greater amount than the evidence warrants. The case appears to have been submitted to a jury to assess the damages for the detention of the debt, who found damages to the amount of the interest due upon the judgment. The judgment was rendered for the amount of debt and costs in the original judgment, and the cost of the transcript of the judgment used in evidence on the trial, and the damages assessed by the jury. It would have been more formal and regular to include the costs of the transcript in the damages assessed by the jury, instead of making it part of the debt. But the plaintiff in error was justly chargeable with it, and it is not sufficient ground to reverse the judgment, that he is charged with it as part of the original judgment, and not as part of the damages.

The judgment is affirmed.