KAUFMAN & SONS *v.* J. M. FOSTER.

[42 South. Rep., 667.]

1. APPEALS. *Evidence. Objections not made at trial.*

The admissibility of testimony cannot be considered on appeal unless made the subject of objection in the trial court.

2. JUDGMENT. *Collateral attack.*

It is not a collateral attack on a judgment as between the original parties to the same, for the defendant to resist the revival thereof by the introduction of testimony to show that he was wholly without notice of the proceeding resulting in the judgment.

FROM the circuit court of Jefferson county.

HON. MOYSE H. WILKINSON, Judge.

The appellants, Kaufman and others, conducting business under the partnership name of M. Kaufman & Sons, were plaintiffs in the court below; the appellee, J. M. Foster, was

the defendant there. From a judgment in favor of defendant the plaintiffs appealed to the supreme court.

In 1898 a judgment by default for $194.47 was rendered in plaintiffs' favor against the defendant, Foster, in the court of a justice of the peace, and was duly enrolled. In 1905, as the same had never been satisfied and would in a short time be barred by the statute of limitation, the plaintiffs filed suit on the judgment against defendant to revive the same. This suit was instituted in the same court in which the judgment had been rendered, but before another justice of the peace, who had succeeded the former justice in office. Defendant was duly summoned to defend this suit on the judgment; appeared in the justice court on the return day, and set up the defense that the judgment sued on was void because, although such judgment recited that defendant had been duly served with process before judgment, such was not the case; that defendant's first knowledge of the judgment rendered in 1898 was when he had been recently summoned to defend the suit brought to revive such judgment. The plaintiffs did not appear at the trial of the case, and the justice of the peace accordingly entered a non-suit. The plaintiffs later appealed to the circuit court, and on the trial there the defendant again set up the same defense as in the justice court. The docket of the justice of the peace who rendered the original judgment was offered in evidence by plaintiffs, the same reciting that service had been duly made upon defendant before rendition of judgment; and, after proof that the original papers in the case wherein such judgment was rendered had been lost and could not be found after diligent search, and further proof that the judgment had not been satisfied, plaintiffs rested. In addition to his own testimony that no service of process had ever been made upon him as recited in the judgment, the defendant showed by the testimony of the former constable in office at the time the suit was instituted in 1898 that, although the entry upon the magistrate's docket showed that he had

made service upon defendant, this was not true. No objection was made by plaintiffs to such oral testimony. Judgment having been rendered in favor of defendant, the plaintiffs on appeal assigned for error the action of the court in allowing such oral testimony to controvert the terms of the judgment, charging that it was a collateral attack upon a public record, of which no prior notice had been given to plaintiffs.

*H. C. Mounger,* for appellant.

A magistrate's court is a court of record, and its judgments import verity just as much as do the judgments of other and higher courts. This judgment rendered in 1898 recited that defendant, Foster, had been duly and personally served before judgment. Plaintiffs, the appellants here, had a right to rely on such recitals. The judgment as shown upon the justice's docket is as follows:

"Nature of Action: Promissory note of date of February 22, 1893, for the sum of $128.23, with interest in ten per cent. Plaintiffs' attorney, J. E. Torry. This cause of action filed April 7, 1898, returnable April 23, 1898. Constable's return April 18, 1898. J. T. Foster, constable.

"This 23rd day of April, 1898, this cause coming on for hearing and it appearing to the satisfaction of the court that the defendant had been served with personal notice for five full days, and the defendant being wholly in default, it is ordered by the court that the plaintiffs, M. Kaufman & Sons, do have and recover of and from the defendant the sum of $198.47, and $2.55 costs in this behalf expended, for all of which let execution issue. Adjudged this 23rd day of April, A. D. 1898.      M. V. Galbreath, J. P."

Now, as it is distinctly stated in the judgment that defendant was duly notified for five days before return day, it was error in the lower court to allow oral testimony to the effect that no service was actually had on defendant. Defendant was allowed

to. impeach the record without filing counter affidavit or other pleading in writing to notify plaintiffs what his defense would be. Oral testimony should not be allowed in any instance to impeach the judgment of a court. This judgment was evidently carefully written, recited all necessary jurisdictional facts, and the legal presumption is that defendant was thus personally served. The recitals of a court of record must not be treated lightly. Such recitals should be conclusive. There are reasons of public policy on which such rule in regard to the verity of judgments is founded. If such recitals were not held conclusive there would never be an end to litigation. All that would be necessary upon a judgment debtor's part, to defeat the judgment, would be to wait until such time in the passage of years as that the recollection of all parties would have waxed dim, and then come into court and swear that he had never been really served with legal process. How can a sheriff or constable, who served every week many writs, recall after the passage of many years whether he actually did or did not serve one special summons in a case where there is nothing unusual to make impression upon his memory? In the absence of a clear recollection on the sheriff's or constable's part to contradict the negative testimony of such defendant, how could there ever be validity in any judgment?

We say, further, that the court erred in allowing the constable to impeach his own return, for this was in effect what he did. The judgment, as above shown, recited that the defendant was personally served with notice, and such judgment, moreover, shows that one J. T. Foster was constable at the time. The defendant introduced this party, J. T. Foster, who swore that he did not make any service upon defendant. This was certainly the same as impeaching his return. The original writ of summons and the return were not obtainable, having been lost, but the recitals of the judgment were sufficient evidence of what the return actually was.

Courts of justices of the peace are courts of record. Code 1892, § § 2728, 2399. And in 17 Am. & Eng. Ency. Law (2d ed.), 1077, it is stated that if the jurisdiction of the court appear by the record it is conclusive as to that fact. See also B. & A. Digest, p. 1012; George's Digest, p. 652.

But we say, further, that it was error in the court to allow such testimony to controvert the recitals of the judgment, inasmuch as plaintiffs had been given no notice and could not have anticipated any testimony of such defense proven as was this. No counter affidavit had been filed by defendant. No notice, oral or written, was given before trial of such defense. And the plaintiffs were taken by surprise and had no time to meet such testimony by evidence to the contrary.

*Terry & Logan,* for the appellee.

We submit that under the rule laid down by this court in the case of *Quarles* v. *Hiern,* 70 Miss., 891 (s.c., 14 South. Rep., 23), sufficient evidence was produced to overcome the legal presumption in favor of the correctness of the docket of the justice of the peace. In the *Quarles case* the court upheld the validity of the judgment in issue, but in that case the only evidence against the truth of the recitals of the judgment was the unsupported testimony of the defendant, Hiern, while the correctness of the judgment's recitals was upheld by the evidence of the actual return of an officer, under his official signature, supported by the testimony of the officer in open court to the effect that he had made due service as shown endorsed upon the writ of summons, and supported, moreover, by the testimony of the justice of the peace who rendered the judgment, his testimony being "that on the return day he met Hiern, who told him that he had no defense, and directed him to enter judgment." In the case at bar there is nothing to support the validity of the judgment save the mere entry of service on the justice's docket.

As regards appellants' claim of surprise in the lower court because of proof to controvert the recitals of the judgment, we merely say that there is no necessty for written pleadings in a case originating in the court of a justice of the peace. The plaintiffs, Kaufman & Sons, for reasons of their own chose not to be present when defendant appeared in the justice's court to make his defense. Had they been present they would have learned his defense, and have been ready to meet it in the circuit court if possible. Had plaintiffs, after bringing such suit, exercised even ordinary diligence in attending the trial on the return day in the magistrate's court, they would most certainly have known what defense would be put up. Their own neglect occasioned their ignorance of appellee's defense in the circuit court.

CALHOON, J., delivered the opinion of the court.

No objections to the testimony having been made below, we cannot consider them here. The defense to the suit on the judgment by default that process was never served and the original proceeding never heard of until notice of the present suit, is not a collateral attack upon it, certainly as between the same parties.

*Affirmed.*