## HULL v. ROSENBAUM.

[66 South. 323.]

JUSTICE OF THE PEACE. *Action on judgment. Jurisdiction.*

In an action in the circuit court on a judgment rendered by a justice of the peace for two hundred and eighty-seven dollars, where the declaration averred that a certified copy of the judgment of the justice of the peace "is herewith filed, Exhibit A," but exhibit A did not purport to be a certified copy of the judgment, but purported to be a certified copy of "abstract from the judgment roll of the circuit court," which did not show on its face that the justice of the peace had no jurisdiction, the pleadings show on their face that the plaintiff is entitled to judgment, as the copy of the judgment roll does not contradict the averment of the declaration, which states a cause of action, and hence the judgment of the circuit court rendered by defendant in that action cannot be attacked in a subsequent action on the circuit court judgment.

APPEAL from the circuit court of Kemper county.
HON. T. B. CARROLL, Judge.

Suit by W. Rosenbaum against G. W. Hull. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Baskin & Wilbourn,* for appellant.

It is plainly alleged in the plea, record page 10, that the said justice court judgment was one that said justice court undertook "to render upon a suit founded upon two notes alleged to have been signed by appellant, the sum total of the principal of which was in excess of two hundred dollars. The contention of the appellant was and is that the judgment of the justice court was null and void because that court was without jurisdiction of the subject matter of the suit; that being therefore null and void, the judgment of the circuit court rendered by default on said void judgment, was also void;

and that when appellee in this action sought to revive his void judgment, appellant could successfully defeat recovery by appearing and showing said facts. Appellant contends that the justice court judgment was so utterly void that appellant could ignore it altogether and could attack it directly or collaterally; that a subsequent suit on said void judgment could not ripen into a valid judgment against him under any circumstances." A judgment void for want of jurisdiction cannot be valid: 23 Cyc. 689, paragraph 3; *In re Christensen,* 70 Am. St. Rep. 794; *Springer* v. *Shavender,* 54 Am. St. Rep. 708; *Pryor* v. *Downey,* 19 Am. Rep. 656.

Jurisdiction of subject matter cannot be waived: *Buckingham* v. *Bailey,* 4 Smedes & Marshall, 539, especially at page 545, where the court says: "The question then arises as to the judgment upon the bond. The forthcoming bond must rest upon a previous judgment. If the judgment upon which it purports to be found is void, by reason of the want of jurisdiction in the court over the subject-matter, or over the parties, the forthcoming bond and judgment consequent upon its forfeiture, are likewise void. The sheriff, and all the parties concerned in enforcing a void judgment, are trespassers, and all their acts under it are void."

*Bell* v. *Railroad Company,* 4 Smedes & Marshall, 549. If a void judgment be affirmed from a purely technical cause, the affirmed cannot cure the radical error. *Pender* v. *Felts,* 2 Smedes & Marshal, 535. The decision of this case is approved and followed in *Wilson* v. *Montgomery,* 14 Smeads & Marshall, 205; *Wilson* v. *Rodewall,* 49 Miss. 506; *Wilkerson* v. *Jenkins,* 77 Miss. 603. Jurisdiction of the subject-matter of a suit is essential. 17 Ency. of Law (2d Ed.), page 1059, paragraph 4. Jurisdiction of the subject-matter is given only by law and cannot be conferred by consent: 17 Ency. of Law (2d Ed.), page 1060, paragraph V and cases in note 1.

In consequence of the rule that jurisdiction of the subject-matter cannot be conferred by consent, the objection that a court is not given such jurisdiction by law cannot, of course, be waived by the parties. 17 Ency. of Law, page 1062, paragraph 3, and cases cited under note 3, especially the following Mississippi cases: *Yalabusha County* v. *Casbry,* 3 Smedes & Marshall, 529; *Buckingham* v. *Bailey,* 4 Smedes & Marshall, 538; *Bell* v. *Railroad Co.,* 4 Smedes & Marshall, 549; *Hollman* v. *Hollman,* 5 Smedes & Marshall, 559; *Green* v. *Creighton,* 10 Smedes & Marshall, 163.

Where the court's jurisdiction is limited to a fixed. sum and the amount in controversy exceeds that limit, such judgment is held absolutely void: *Moore* v. *Snell,* 88 S. W. 270; *Western Union Telegraph Co.* v. *Campbell,* 81 S. W. 580; *Dazey* v. *Pennington,* 31 S. W. 3112.

·*Geo. H. Ethridge,* for appellee.

The first question that I will discuss is the proposition of the justice's judgment in the original suit. Under our statutes, the court of a justice of the peace is a court of record and the judgments of such courts are *res adjudicata* under section 2728 and 2746 of the Code of 1906, and their judgments are entitled to the same presumptions as the judgments of the circuit or chancery courts, and can only be impeached in the same manner as the judgments of the said courts.

Under the Constitution, a justice court has general and exclusive jurisdiction of all civil matters where the principal amounts do not exceed two hundred dollars. Everything necessary to sustain such a judgment will be presumed in its favor and if it is possible to sustain the judgment it will be sustained. *Stevens* v. *Mangum,* 27 Miss. 481; *Toggart* v. *Muse,* 60 Miss. 870; *Darling* v. *Donoson,* 25 Miss. 213; *Vicksburg Gin Co.* v. *Brennan,* 20 So. 846.

And when the jurisdiction of any court of general jurisdiction depends upon the facts not appearing in the record, it will be presumed in favor of the validity of the judgment. 45 So. 465; *Hughston* v. *Cornish,* 59 Miss. 373. This presumption may not be rebutted by matters *dehors* the record. 12 Am. & Eng. Ency. of Law (1st Ed.), 147 "V" and "W". It follows that the court must presume that the notes in the justice court were, reduced by credits so as to bring the amount within the jurisdiction, and that the interest had accured subsequent to such reduction for sufficient time and at a sufficient rate to support the judgment. This, as will easily be seen, can be done in this case by allowing interest at the highest rate allowed by law, to wit ten per cent., being the rate at the said time and for the said number of years and that by so allowing, it will amount to more than the judgment rendered.

Under the law, and under the practice also, causes of action are entered on a justice's docket for the original amount shown on the face of the notes and not for the amount actually due. I further submit that if two notes were filed for suit, each of which was within the jurisdiction of the justice of the peace and if the justice should, in entering up his judgment, enter the judgments jointly or should issue the process as one process describing the cause of action on both notes, that the judgment so rendered would be valid because the justice would have jurisdiction in either case; that the Constitution, while being irregular, could only be adopted, if at all, on direct appeal; that it is not such an irregularity as would render the judgment void.

See *Pittman* v. *Chrisman,* 59 Miss. 124; *Ash.* v. *Lee,* 51 Miss. 101. The courts will never tolerate the practice of a person who is regularly summoned and given due notice of a claim against him, who fails to attend and defend the suit, to wait until the statute of limitations has run against him and then come in and set up pleadings

that should have been pleaded at the beginning of the suit. The courts of Mississippi have decided in numerous cases, that where notes mature at different dates, that the holder of the notes may sue on each note as it becomes due, even though all the notes were given in the same transaction, and that as he has the right to sue in the justice court on a note as it becomes due, without waiting for the other notes to mature, he does not lose this right after the other notes do mature, but that he can still sue on each note because the action accrued at different dates, and the justice court, having had jurisdiction at the beginning, does not lose it by the fact that other notes mature after such time. *Drysdale* v. *Boloxe, etc., Co.,* 67 Miss. 534, 7 So. 541.

I see no reason for holding that where a justice court has jurisdiction of several notes given at the same time and maturing at different dates or given at different dates and maturing at different dates, and having jurisdiction of each of them, said causes of action should not be consolidated into one judgment, even though the gross sum might exceed the jurisdiction of the justice.

Cook, J., delivered the opinion of the court.

January 4, 1896, appellee, W. Rosenbaum, recovered judgment by default against appellant, G. W. Hull, in a justice of the peace court, for two hundred, eighty-seven dollars and seven cents. This judgment was about to expire by limitation, and so, on January 3, 1903, Rosenbaum instituted an action in the circuit court upon the judgment, accrued interest, and court costs, amounting to four hundred, ninety-five dollars and fifty-two cents. Appellant was duly served with process, but failed to appear, and allowed judgment by default to be rendered against him by the circuit court.

It is upon the last-named judgment that appellee, Rosenbaum, brought the present suit, and appellant for the first time entered his appearance and filed a special plea,

averring that the judgment rendered by a justice of the peace upon two notes, alleged to have been signed by appellant, the sum total of the principle of which was in excess of two hundred dollars, and that therefore the judgment of the justice of the peace was void, because the justice court was without jurisdiction of the subject-matter of the suit, and that the judgment of the circuit court, rendered in 1903 on this void judgment, is also void.

Appellant filed with his plea the original declaration and exhibit thereto filed by appellee in the suit upon which the judgment now sued on was obtained, and it is contended that a mere reading of the declaration and exhibit will disclose that the justice of the peace judgment was and is absolutely void, and could not, therefore, form a cause of action in the circuit court, and that it necessarily follows that the judgment by default taken in the circuit court in 1903 was also null and void.

Conceding his premises, it may be that the contention of appellant is sound; but after an examination of the declaration referred to, and the exhibit filed with same, we are unable to conclude that taken together, they disclose a lack of jurisdiction in the justice of the peace court. The declaration avers that a certified copy of the judgment rendered by the justice of the peace "is herewith filed, Exhibit A"; but as a matter of fact Exhibit A does not purport to be a certified copy of the judgment. On the contrary, it purports to be a certified copy of "Abstract from the Judgment Roll, Circuit Court, Kemper County, Mississippi." It will be seen, therefore, that the declaration declares upon a judgment, and exhibits as evidence of the judgment a copy of the judgment roll. The copy of the roll does not, upon its face, show that the justice of the peace had rendered a judgment upon a matter of which he had no jurisdiction.

The averment of the declaration of itself makes a cause of action, and the exhibit does not contradict the

averment. So it appeared upon the face of the pleadings that the circuit court had jurisdiction to render the judgment which forms the basis of the present suit. The defense set up in the plea, if true, would have been available in the original suit in the circuit court, but is not available here, because, as before stated, upon the face of the pleadings in the first case the plaintiff was entitled to a judgment against defendant.

*Affirmed.*