REICHMAN-CROSBY CO. *v.* HORTON.*

(Division B. May 24, 1926.)

[108 So. 443.   No. 25774.]

PROCESS. *In suit to enjoin execution on default judgment rendered on return of sheriff showing personal service, chancellor is authorized, on conflicting testimony, to find that summons was not served; officer's return of service is not final and conclusive, and conflict in testimony in reference thereto is for chancellor's decision in suit to enjoin execution based on default judgment on ground that defendant was not served with summons.*

In a suit to enjoin execution on a judgment rendered by default on a return of the sheriff showing personal service, where the plaintiff testifies positively that she was never served with summons, and knew nothing of the suit or the judgment until after the court had adjourned at which such judgment was rendered, and the sheriff testifies that he has no personal recollection of serving the summons, but that from his return and the custom of his office he served it, the chancellor is authorized to find that the summons was not served, if he believes the plaintiff's

evidence. An officer's return of service is not final and conclusive, and the conflict in testimony in reference thereto is for the chancellor's decision.

*Corpus Juris-Cyc References: Process, 32Cyc, p. 516, n. 26; p. 517, n. 27.

APPEAL from chancery court of Webster county.
HON. ALLEN Cox, Chancellor.

Suit by Mrs. M. M. Horton against the Reichman-Crosby Company for an injunction. Judgment for complainant, and defendant appeals. Affirmed.

*McKeigney & Latham,* for appellant.

The holding of the chancellor is erroneous. We fully appreciate the rule that the finding of the chancellor on a disputed question of fact, unless manifestly wrong, will not be disturbed. But there is more involved here than a disputed question of fact.

A writ of summons issued out of the circuit court of Webster county to the sheriff commanding him to summon the appellee, as a party defendant, with D. A. Horton, at the suit of the appellant here. The sheriff solemnly certified to that court that he had served the writ by true copy on D. A. Horton and M. M. Horton. The return on the summons, as it appears in the transcript, speaks for itself. If she received a copy of that summons—and the sheriff's return says that she did—the matter ends as a matter of law, and the judgment of the circuit court of Webster county is a valid outstanding judgment against her.

If the officer's return on the writ of summons in evidence is sufficient on its face to uphold the judgment of the circuit court, by default, against appellee, and we submit that it is entirely sufficient, then is the uncorroborated testimony of appellee sufficient to overcome the officer's return? We think not.

The sheriff served the writ on appellee. His return so shows. The law presumes that his return is correct; that it is true; that the sheriff did what he certifies by his return that he did. The burden of proof is on appellee to overcome this legal presumption of regularity. The position of appellee is, in effect, that the sheriff's return is false, a fraud. She has the burden to overcome the legal value of the officer's return as evidence. What *quantum* of evidence is necessary and sufficient to overcome what appears to be the official act of the sheriff? The testimony of the interested defendant alone? If this is the law, court judgments by default in many instances rest upon a foundation of sand.

We respectfully insist that where the officer's return shows proper execution of summons, and the testimony of the interested defendant says that the writ was not served on her, the official act of the sheriff, as reflected by his return, endorsed on the back of the summons, must prevail. The appellee is entitled to no relief unless she shows affirmatively that the sheriff's return is a fraud. Her testimony shows nothing of the sort. She merely denies receiving a copy.

We submit that the decree of the court should be reversed and judgment entered here dismissing complainant's bill.

*Cunningham & Berry* and *Eudy & Patterson,* for appellee.

The sheriff made a defective return through one of his deputies and on this defective return a judgment by default was taken against the defendants at that term. On the writ of execution, following, the sheriff levied on certain real estate, the property of the defendant, Mrs. M. M. Horton, and advertised it for sale. The issue was joined on the question of whether or not any process was in fact served on her at all. This she had a right to contest under section 2952, Hemingway's Code.

The chancellor heard the testimony of appellee, Mrs. Horton, who in a straight-forward way testified that no process whatever was ever served on her, and in addition showed that she was in no co-partnership with her husband, and was not in any way liable for this indebtedness or any part of it. She was corroborated by the testimony of her husband. And the testimony of the sheriff, offered to sustain the return, wholly failed in every particular. He could not even remember serving process on his own dear ''auntie,'' the appellee. The chancellor below having heard the proof and found in fact that no service of process was had on Mrs. Horton, that the judgment in the circuit court was a nullity, made the injunction perpetual and cancelled and held for naught the judgment in question.

Appellant for some strange reason expresses the idea that the chancellor should not be permitted by this court to settle all questions of fact where the controversy is clear and the proof contradictory.

The findings of the chancellor on these questions of fact here should not be interfered with by this court. We earnestly insist that there is nothing in appellant's contentions, and that the cause should be affirmed.

Ethridge, J., delivered the opinion of the court.

In the year 1923 Reichman-Crosby Company, a corporation, sued D. A. Horton and M. M. Horton on a note in favor of appellant, signed ''Horton Lumber Co., per D. A. Horton,'' alleging in the declaration that D. A. Horton and M. M. Horton were partners doing business under the name of Horton Lumber Company. Summons were issued to D. A. Horton and M. M. Horton, on which the sheriff indorsed the following return: ''I have this day executed the within writ personally by delivering a true copy of the same to the within named D. A. Horton and M. M. Horton,'' signing his name to the return as sheriff. No appearance was made, and judgment by de-

fault was taken, and afterwards an execution issued thereon, and certain property belonging to Mrs. M. M. Horton, the appellee, was levied upon and advertised to be sold by the sheriff. Thereupon Mrs. M. M. Horton sued out a writ of injunction in the chancery court restraining the appellant from selling said property. In the bill for injunction Mrs. Horton alleged that she was not a member of the Horton Lumber Company, and had no interest therein, and that she had never been served with a copy of the summons issued in the circuit court, and knew nothing of said suit until after the expiration of the term at which the judgment was rendered and until the execution was levied; that the first she knew of it was seeing the notice in the paper. On the hearing of the bill Mrs. Horton testified that she never had been served with a summons, and knew nothing of the suit until after judgment was taken, and that she was not a member of the Horton Lumber Company, and had no interest therein. The sheriff testified on direct examination that he served the summons upon Mrs. Horton by delivering her a true copy of it, but on cross-examination stated that he had no personal recollection about the matter; that he did not recollect whether or not he had delivered her a copy or whether he had been at her home serving papers; but that he was governed by the return on the writ. He also stated that the return was in the handwriting of a deputy, but that he dictated the return, and, where it was served by him, the return was signed by him as sheriff, and, where it was served by a deputy, the return was signed showing it was served by a deputy. The husband of Mrs. Horton, the appellee, testified that she had no interest in the Horton Lumber Company, and that he had no authority to sign her name to a note or to bind her in reference thereto, and also that, if she was ever served with summons, he knew nothing of it, and that he did not remember ever showing his wife the summons served on him. The chancellor found in favor of Mrs. Horton,

143 Miss.—10.

and made the injunction perpetual, from which judgment this appeal is prosecuted.

It is insisted by the appellant that Mrs. Horton's testimony, she being an interested party, is not sufficient to overcome the presumption attaching to the sheriff's official return.

We think the testimony presented a question of fact as to whether the summons was actually served upon Mrs. Horton, and that the chancellor's decree is supported by evidence sufficient to sustain it.

The judgment of the court will, therefore, be affirmed.

*Affirmed.*