# JONES et al. v. McCORMICK et al.*

(Division A.   Dec. 13, 1926.)

[110 So. 591.   No. 25895.]

1. JUDGMENT. *Personal judgment as well as sale held awarded by decree in suit on purchase-money notes.*

    Decree in suit on purchase-money notes *held* to award personal judgment as well as decree sale.

2. JUDGMENT. *Exhibit of copy of record on which judgment sued on, was rendered, is not necessary.*

    It is not necessary, in suing on judgment or decree, to exhibit copy of record on which it was rendered, but it is enough to allege the required jurisdictional facts and exhibit copy of judgment or decree.

3. JUDGMENT. *Foreign decree is to be given full faith both as personal and as confirming sale.*

    Decree of foreign court sued on is as between the same parties *res judicata,* and is to be given the same faith and credit as if rendered in the state, and this both as to the personal decree and the decrees ordering and confirming sale for application of proceeds on personal decree.

4. JUDGMENT. *Effect of modification on appeal as continuing decree in force is for decision of court of that state rather than for foreign court in suit on judgment.*

    Effect of modification on appeal of decree of state court, as continuing decree in force as modified is for decision of court of the state, and not for court of another state in which suit is brought on the decree as modified.

5. EQUITY. *Contention arising on answer only is not for consideration on demurrer to cross-bill.*

    A contention arising on answer, and not cross-bill, is not for consideration on demurrer to cross-bill.

*Corpus Juris-Cyc. References: Equity, 21CJ, p. 513, n. 60 New; Judgments, 33CJ, p. 1064, n. 49; 34CJ, p. 1096, n. 42; p. 1097, n. 47; p. 1117, n. 16; p. 1132, n. 4; p. 1133, n. 5; p. 1135, n. 30; p. 1136, n. 34 New; p. 1137, n. 37.

Appeal from chancery court of Tate county.

Hon. J. H. Caldwell, Special Chancellor.

Suit by Frank G. Jones and another against A. L. McCormick and others. From a decree overruling a demurrer to defendants' cross-bill, complainants appeal. Reversed and remanded.

*Holmes & Sledge, Lamar Heiskell* and *Daggett & Dagget,* for appellants.

The sole question presented to this court is whether or not the judgment in the chancery court of Lee county, Arkansas, is a final judgment and whether or not the court had the power to render a final judgment; and if it was a final judgment and the court had jurisdiction of the parties and subject-matter, then that all questions settled by the courts of Arkansas are final and cannot be adjudicated again in the courts of Mississippi.

The "full faith and credit" law is so well understood and fixed as a part of the organic law of the Union and of the states thereof, that there is nothing we can say that will add to this well-recognized principle of law. 15 R. C. L. 922, section 403. Mississippi is thoroughly committed to the above rule of law, and will give full faith and credit to the records of Arkansas, when properly authenticated. *Faulteroy* v. *Lunn,* 210 U. S. 230, 57 Law Ed. 1039.

The decisions of our own state are in line with those of other states and the United States supreme court. *Wright* v. *Weisinger & Co.,* 5 S. & M. 210 13 Miss. 210; *Miller* v. *Ewing,* 8 S. & M. 16 Miss. 421; *Armstrong* v. *Minkus,* 93 Miss. 621, 47 So. 467.

This Arkansas court had jurisdiction of the subject-matter and of the person, this being admitted.

Did the state of Arkansas render a final judgment in favor of Hutton and Jones, the appellants, on notes sued on in Lee county, Arkansas?

McCormick admits that the judgment was rendered against him in Arkansas, as alleged in the bill; that it was a valid judgment, rendered by a court having jurisdiction of the subject-matter and over him personally. His only plea to this is that he had perfected an appeal from the judgment of the trial court, and he in effect prayed nothing more than that the action then pending in Tate county be delayed until the judgment of the appellate court should be rendered.

It would seem logical and reasonable that the duty should devolve on him to show to the satisfaction of the chancery court of Tate county, Mississippi, that the judgment of the trial court in Lee county, Arkansas, appealed from, had been reversed, vacated or modified by the supreme court of Arkansas. Of course, the only method by which this could be done would be to procure a copy of the judgment of the supreme court of Arkansas, certified, and make proffer of it into the chancery court of Tate county.

He has not presented to this court any record from Arkansas showing a different state of facts from those set up in the appellants' original bill and amendments thereto, but attempts by a cross-bill to reopen and retry in Mississippi issues that have been finally disposed of by court of competent juridiction in the state of Arkansas.

The appellants have made out a *prima-facie* case by filing their original bill with the amendments and exhibits thereto, and the questions presented by the cross-bill cannot be put in issue by the court in Mississippi. Under the decision in *Bank of Eudora* v. *Ross,* 168 Ark. 754, the chancery court of Lee county, Arkansas, having jurisdiction of the subject-matter and parties to the action, had power to render and did render a final judgment in favor of Hutton-Jones on the original notes sued on in Lee county, Arkansas. Under this judgment in Lee county, Arkansas, the land embraced within the mortgage was sold under order of court, the sale was con-

firmed and the judgment became final on January 25, 1923.

In Crawford & Moses Digest of the Arkansas Statutes, section 6233, a judgment is defined as "the final determination of the rights of the parties in an action."

The appeal taken by McCormick to the supreme court of Arkansas did not in any manner affect the finality of the judgment. *Boyton* v. *Lumber Co.*, 84 Ark. 213; *Ranson* v. *City of Pierre*, 101 Fed. 665. The burden is on McCormick, appellee, to show that the judgment rendered in Lee county, Arkansas, was vacated or reversed on appeal. *Cloud, Admr.*, v. *Wiley et al.*, 29 Ark. at 81; *Batesville* v. *Ball*, 100 Ark. 496; *Johnson* v. *Walls*, 140 Ark. 591.

The question squarely presented on this record is simply this: What effect should be given the judgment entered by the Lee county chancery court in the trial of this cause by the chancery court of Tate county, Mississippi? The answer is elementary—the same effect that would be given it in Arkansas. *Wright* v. *Weisinger*, 5 S. & M. 210; *Armstrong* v. *Minkus*, 47 So. 467.

A judgment cannot be collaterally attacked, except where the question of jurisdiction is involved, and "in case of a domestic judgment collaterally attacked, the question of notice or no notice must be tried by the court upon an inspection of the record only; and where a judgment recites that the defendant was duly served with summons as required by law, it must be taken as true unless there is something in the record to contradict it." *McDonald* v. *Ft. Smith, etc., R. R. Co.*, 105 Ark 5; *Ederheimer* v. *Carson Dry Goods Co.*, 105 Ark. 488; *Crittenden Lbr. Co.* v. *McDougal*, 101 Ark. 390; *Kelley* v. *Laconia Levee Dist.*, 74 Ark. 202.

*Proceedings in the chancery court of Lee county subsequent to the action of the Supreme Court of Arkansas.* Under section 2177, Crawford & Moses Digest of the Statutes of Arkansas, the supreme court has the power to reverse, affirm, or modify the order or judgment ap-

pealed from, in whole or in part, as to any or all parts, and when the judgment has been reversed the court may remand or dismiss the cause and enter such judgment upon the records as may in its discretion seem just. *Bertig* v. *Independent Gin Co.,* 147 Ark. 581.

The relief given McCormick by the supreme court was one of recoupment against Bowen; and while it was held that the lower court erred, it was also held that such error could be cured by modifying the decree so as to allow McCormick to recoup as against Bowen. The judgment in favor of Hutton and Jones was not in any manner modified or changed, but was affirmed and the relief afforded McCormick against Bowen by way of recoupment was given by the supreme court by way of final judgment, so, therefore, the supreme court of Arkansas affirmed the judgment rendered in favor of Hutton and Jones and they did not remand the cause to the chancery court of Lee county for any other or further proceedings and, therefore, the chancery court of Lee county did not have jurisdiction of the cause at any subsequent date and the orders subsequently made by said court, although made in an endeavor to carry out that which the court believed to be the mandate or order of the supreme court, are all void for lack of jurisdiction.

Even if the cause properly came back to the Lee county court on the mandate of the supreme court and jurisdiction was properly conferred by the filing of the mandate, then the action of the Lee chancery court in rendering the decree dated January 23, 1924, in which relief was refused McCormick insofar as the judgments theretofore rendered in favor of Jones and Hutton were concerned, such decree when so rendered was final and even though conceded erroneous could be corrected only by direct attack on appeal and not in a collateral proceeding of this character in another state. *Drignardello* v. *Gray,* 68 U. S. —, 1 Wall 637, 17 L. Ed. 697.

If it should be held that the appellees, defendant below, A. L. McCormick, could set up the defenses that he

has attempted to make in his answer and cross-bill, then we might as well erase from our organic law article 4 of the Constitution of the United States, for it would be permitting him to disregard in the state of Mississippi the final judgments of a sister state and would permit him to try again all the issues that were tried in the court of competent jurisdiction in the state of Arkansas.

*J. F. Dean, E. D. Dinkins* and *May, Sanders & Mc-Laurin,* for appellees.

I.   The alleged judgment made the basis of the cause of action was not sufficiently authenticated and, hence, the nature and validity of the complainants' claim was subject to inquiry and re-examination.  A suit on a judgment can be maintained only where the whole record is produced and properly authenticated.   *Dogan* v. *Brown,* 44 Miss. 235, particularly pages 243-245, 10 R. C. L., pages 1103-1124; *Verhallen* v. *Laveochia,* 79 Miss. 371; *Phillips* v. *Bates,* 22 Am. Dec. 448.

The alleged record relied upon by this complainant to sustain the bill was insufficient.   The "full faith and credit" clause of the Federal Constitution was not brought into play by the mere exhibition of the so-called certified copy of the judgment.   *Geary* v. *Geary,* 20 Am. Law Rep. 815.

The "full faith and credit" clause as applied to judgments is "a rule of evidence and not of jurisdiction," and in this case there was not sufficient evidence of the proceeding in the Arkansas court.   *Anglo-Am. Provision Co.* v. *Davis Provision Co.* (U. S.), 48 L. Ed. 225.   See, also, *Shelton* v. *Johnson,* 36 Tenn. 672, 70 Am. Dec. 265; *Joice* v. *Scales,* 18 Ga. 725; *Carter* v. *Bennett,* 6 Fla. 214; *Mahorner* v. *Hoce et al.,* 9 S. & M. 247; *Sache* v. *Wallace,* 118 A. S. R. 615.   The allegations of the bill of complaint were wholly insufficient because the whole record was not certified and authenticated.

II. The alleged judgment being rendered subsequent to the conveyance attacked as fraudulent, even if sufficiently authenticated, does not prove the existence of the debt at the time of the conveyance, but that fact is open to controversy and calls for proof. *Board of Public Works* v. *Columbia College* (U. S.), 21 L. Ed. 687; *Bruggerman* v. *Hoer*, 82 Am. Dec. 97; *Burton* v. *Platter*, 53 Fed. 906107; 12 R. C. L., page 632; 6 Ency. of Evidence, page 86; *Miller* v. *Miller*, 39 Am. Dec. 597; *Snodgrass* v. *Branch Bank*, 60 Am. Dec. 505; *Edmonds* v. *Mister*, 58 Miss. 765; *McBane* v. *McBane*, 86 Am. Dec. 478.

It will be remembered that all the conveyances attacked by this proceeding were made long prior to the rendition of the alleged deficiency judgment in this case. Upon the authorities above cited it is well settled that the proof of the judgment is not proof of the fact that the indebtedness existed, or was in contemplation, at the time of the making of the conveyances.

III. If the alleged deficiency judgment was procured by fraud, the whole alleged cause of action may be gone into and the whole cause tried anew. See authorities cited under the second division of this brief.

IV. The sale of land made under a judgment pending an appeal does not, in case of a reversal, vest title in the purchaser if the purchaser is the plaintiff in the suit and in such case the sale will be set aside. *Ogden* v. *Harrison*, 56 Miss. 743; *Broom* v. *Troup*, 33 Miss. 35; 10 R. C. L. 1233; 19 R. C. L. 586; *Cowdery* v. *London*, etc., *Bank*, 96 A. S. R. 115; *Anderson* v. *Sloane*, 7 A. S. R. 885; *McJilton* v. *Love*, 54 Am. Dec. 449; *Fleming* v. *Riddicks, Executor*, 50 Am. Dec. 119; *Hayes* v. *Sound Timber Co.*, 29 A. L. R., note, page 1078.

V. A plaintiff purchasing land at his own execution sale is not a *bona-fide* purchaser. 10 R. C. L. 1337; *Walton* v. *Hargraves*, 42 Miss. 18, 97 Am. Dec. 429.

VI.   A demurrer to the cross-bill searches the whole record and if the bill of complaint is insufficient, the demurrer was properly overruled, and the bill of complaint should have been dismissed.   6 Ency. P. & P. 326 *et seq.*

VII.   The alleged deficiency judgment is insufficient to support the bill of complaint because there was never a valid sale of the property and there was no way to ascertain the true balance, if any, that would be owing if and when the property should be sold.

It is necessary in foreclosing a mortgage, before a deficiency judgment can be rendered, to have a valid sale of the property, as the security must be first exhausted. *Allen* v. *Poole,* 54 Miss. 323; *Adler* v. *Myer,* 73 Miss. 863; *Poole* v. *Ellis,* 64 Miss. 555; *Woodward* v. *Brown,* 63 A. S. R. 108; *Parmele* v. *Schroeder,* 87 A. S. R. 466; *Weir* v. *Field,* 67 Miss. 292; 19 R. C. L. 668.

In this case instead of having a resale of the property under the modified decree, the complainants endeavored to stand upon the sale, which was void, keep the property, and take judgment for the remainder of the debt, after crediting the judgment with the trifling sum bid at the sale and with the amount of the Bowens' interest in the judgment, which had been nullified.

VIII.   The demurrer to the cross-bill, being a general demurrer, was properly overruled if the cross-bill states a case for any relief whatsoever, or if the bill was insufficient.   *Washington* v. *Soria,* 73 Miss. 665; *Sherrer* v. *Sherrer,* 50 Miss. 113; *White* v. *Thomas* 52 Miss. 549; *Davis* v. *Davis,* 60 Miss. 615; *Barry* v. *Barry,* 64 Miss. 709; *Canton Warehouse Co.* v. *Potts,* 68 Miss. 637.

IX.   The reversal of the Arkansas judgment by the supreme court was an abatement of the present action because the action was predicated on the judgment while the appeal was pending in the Arkansas supreme court. The general rule is that a premature filing of a suit must result in the suit being abated:   1 R. C. L. 337-340; *Wig-*

*gle* v. *Thomason,* 11 S. & M. 452; *U. S.* v. *McCord* (U. S.), 58 L. Ed. 893; *Am. Bonding Co.* v. *Gibson County,* 70 Ann. Cas. 522.

X. The bill of complaint may not be amended so as to make a new case, nor can the bill be retained for a cause of action not existing when the suit was commenced. Story Equity Pleading, section 332, 333, and 339; Fletcher's P. & P. 383, 384; 10 R. C. L. 492; Griffith's Ch. Pr., section 389; *Miazza* v. *Yerger,* 53 Miss. 139; *Wright* v. *Frank,* 61 Miss. 32; *Broom* v. *Bank,* 31 Miss. 459; *Russell* v. *Allen,* 110 Miss. 727.

The whole record shows that the Arkansas court had no power to render the so-called deficiency judgment for the reason that there had been no sale of the mortgaged property, and that fact being apparent, the judgment sued on was open to collateral attack. *Russell* v. *Shurtleff,* 89 A. S. R. 216; *Koepke* v. *Hill,* 87 A. S. R. —; *Morrell* v. *Morrell,* 23 A. S. R. 115; 15 R. C. L.

The decree overruling the demurrer to the cross-bill was proper.

Argued orally by *Herbert Holmes,* for appellants, and *J. O. S. Sanders,* for appellees.

SMITH, C. J., delivered the opinion of the court.

The appellants seek by this suit to obtain a judgment against McCormick on a judgment obtained by them against McCormick in the state of Arkansas, to set aside several conveyances of real property made by McCormick to the other appellees, and to subject that property to the payment of their judgment against McCormick. This appeal is to settle the principles of the case, and is from a decree overruling a demurrer to a cross-bill. The original bill of complaint was amended several times, and, as finally amended, seems to present this case.

In September, 1918, McCormick purchased a plantation in Arkansas from Jones, Hutton, and two other persons, for which he gave them separate promissory notes for different amounts, on which they sued him in the chancery court of Lee county, Ark., and obtained a personal decree against him for the amount due thereon, and also a decree for the sale of the plantation and the application of the proceeds thereof to the payment of this personal decree. The plantation was sold under this decree, and purchased by the complainants in the suit in which it was rendered, for the sum of seven thousand dollars. Before this sale was made, McCormick appealed the case to the supreme court of Arkansas without the execution of a *supersedeas* bond, and that court held that no recovery could be had on two of the notes sued on, and modified the decree of the court below by crediting the amount of these notes thereon, but affirmed the decree in all other respects. *McCormick* v. *Daggett,* 162 Ark. 16, 257 S. W. 358. Afterwards, on receipt of the mandate of the supreme court, the chancery court of Lee county ordered its clerk to indorse on the decree the credit directed by the supreme court to be made thereon. The two notes which the supreme court held could not be collected were not among the notes sued on by Jones and Hutton, but by the other cocomplainants. While this suit was pending in the supreme court of Arkansas, this suit was brought; the final result of the case in the Arkansas courts being made to appear by amendments to the bill, in which the two cocomplainants of Jones and Hutton were eliminated from the suit. A copy of the decree rendered by the chancery court of Lee county was filed as an exhibit to the bill, but no copy of the record on which the decree was rendered was filed.

The conveyances from McCormick to his coappellees, which the appellants claim were fraudulent, were made, according to the allegations of the bill, after the execution of the notes sued on in the Arkansas court, but before the decree thereon was rendered. The appellees an-

swered the bill as amended, denying the validity of the notes on which the Arkansas decree was rendered, for the alleged reason that they were fraudulently obtained, and alleged that the sale of the land to the appellants under the decree of the Arkansas court is void for two reasons: First, the decree under which it was sold was afterwards reversed; and second, the land was purchased by the appellants at the sale for a very small portion of its actual value because of fraudulently deterring other persons from bidding thereon. This answer was made a cross-bill, the prayer of which is:

". . . The defendant, A. L. McCormick, have a decree declaring that said sale of said land to him to be fraudulent, that said sale be rescinded and decree rendered here in his favor against the said complainants for the sum paid to them on account of said sale, or, if not entitled thereto, that the said A. L. McCormick recoup against the demand of complainants the difference in the sale price and actual value of said land as may be shown on the hearing, and that the said A. L. McCormick and other defendants have such other, further, and general relief against the complainants as they may be entitled to receive, and they will, as in duty bound, ever pray," etc.

This cross-bill also denies that the decree rendered by the Arkansas court did not award the appellants personal judgment against McCormick, and challenges "the sufficiency of the certification thereof."

1. The decree of the chancery court of Lee county recites, among other things, that:

"It is therefore, by the court, considered, ordered, adjudged, and decreed that the plaintiff Frank G. Jones have and recover of and from the said A. L. McCormick the sum of thirty-two thousand seven hundred forty-nine dollars, that the plaintiffs, Frank G. Jones and J. L. Hutton have and recover of and from the defendant, A. L. McCormick, the sum of ten thousand nine hundred sixteen dollars and thirty-three cents, and that the plain-

tiffs Sam Bowen and Mary Louise Bowen have of and recover from the defendant A. L. McCormick, the sum of twenty-one thousand eight hundred thirty-two dollars and sixty-six cents, and that all of said judgments in favor of each and all of said plaintiffs be, and the same are hereby, declared liens on said lands,'' etc.
—and proceeds to appoint a commissioner for the sale of the land. It would be rather difficult to render a personal judgment in more accurate language.

2. The objection to the certification of this decree is that the copy thereof is not accompanied by a copy of the record on which it was rendered. It is not necessary, in suing on a judgment or decree, to exhibit a copy of the record on which it was rendered. All that is necessary is to allege the required jurisdictional facts and to exhibit a copy of the judgment or decree (34 Cyc. 109); moreover, the rendition of the judgment and the jurisdiction of the court so to do are not denied by the answer.

3. In so far as McCormick is concerned, the decree sued on is *res adjudicata,* and it should be given the same faith and credit here as if it had been rendered by a Mississippi court. This concludes both the personal decree and the decrees ordering and confirming the sale of the land.

4. The decree in the chancery court of Lee county was not reversed, but was only modified, and the effect of the modification was for the decision of the Arkansas court, according to which the decree, as modified, remains in full force and effect.

5. The contention of McCormick's coappellees that they are not bound by the decree of the Arkansas court, and have a right to relitigate the validity of the notes on which that decree was based, arises on the answer, and not on the cross-bill, and consequently was not for the consideration of the court below on the demurrer to the cross-bill.

The demurrer to the cross-bill should have been sustained.

*Reversed and remanded.*