SCHWARTZ BROS. & CO. v. STAFFORD.

(Division B. June 12, 1933.)

[148 So. 794. No. 30653.]

Somerville & Somerville, of Cleveland, for appellant.

400

Sillers & Roberts, of Rosedale, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellants, Schwartz Bros. & Co., were plaintiffs in

the court below, and brought suit upon a judgment rendered against the appellee, J. H. Stafford, in 1925, at the July term of the circuit court, filing therewith a copy of the judgment, and a former declaration upon which the judgment was rendered, as exhibits to said declaration.

The defendant pleaded the general issue, nul tiel record, and gave notice thereunder that he would introduce evidence to show that no summons or process was served upon him in the suit in 1925; and, for that reason, there was no judgment and the court had no jurisdiction over the person of said defendant, J. H. Stafford, since he did not appear in said cause.

The cause went to trial upon issue as to whether or not there had been a service of process in 1925; and, under appropriate instructions, the jury returned a verdict in favor of the defendant, J. H. Stafford, upon which verdict the court rendered a judgment in favor of the defendant, Stafford, in the present suit, but directed the defendant to appear at the next term of court and plead to the original suit, filed in 1925. From this judgment, the appellant, Schwartz Bros. & Co., appeals.

In a suit upon a judgment, it is not necessary to set out the former declaration, etc. Jones v. McCormick, 145 Miss. 566, 110 So. 591. A judgment is an original cause of action, and is not a suit upon the original debt or cause of action, upon which the judgment was rendered. An action of debt is a proper form of action upon a judgment, and such cause of action, is an entirely new action and not a continuation of a former one. 34 C. J. p. 1083; 11 Enc. P. & P. 1124. See, also, 15 R. C. L. p. 898, sec. 377.

When a valid judgment is rendered, all rights of parties are merged therein. In Pigford Gro. Co. v. Wilder, 116 Miss. 233, 76 So. 745, 746, the court said that: "When the judgment has been rendered, all rights of the litigants are merged in the judgment, and such judgment is assignable without any requirement to file a

written assignment in the papers of the case in which the judgment was rendered.''

The action in the case at bar being upon a judgment, the setting out, as exhibits to the declaration, the former declaration, etc., was surplusage.

In a suit on a judgment, the general issue, and the only general issue, is nul tiel record, and, if any other defense is to be made to it, it must be done by special pleas. 34 C. J. p. 1098, sec. 1557; Stephens v. Roby, 27 Miss. 744; Hull v. Rosenbaum, 108 Miss. 56, 66 So. 323, in which it was held that a judgment, in the circuit court rendered upon a declaration averring upon a judgment of a justice of the peace a plea that the judgment was for an amount greater than the jurisdiction of said justice of the peace, was valid in the circuit court; and, after the term had adjourned, it could not be shown that the justice of the peace court rendered a judgment for an amount in excess of its jurisdiction. The abstract of the judgment was made an exhibit instead of a copy of the judgment.

In the case of Stephens v. Roby, supra, it was held that, on an issue nul tiel record in a suit on a judgment, evidence of the satisfaction could not be received.

In Paepcke-Leicht Lumber Co. v. Savage, 137 Miss. 11, 101 So. 709, it was held that a judgment void for want of process may be attacked either directly or collaterally.

In Reichman-Crosby Co. v. Horton, 143 Miss. 141, 108 So. 443, it was held that, in a suit to enjoin the execution of a judgment void because of the failure of the sheriff to make personal service, where the plaintiff testified positively that he had not been served with summons, and the sheriff testified that he had no personal recollection of serving summons, but that from his return and the custom of his office, he served it, the chancellor was authorized to find that the summons had not been served, if he believed the plaintiff's testimony, that the officer's

return of service is not final and conclusive, and that the conflict in the testimony was for the chancellor's decision.

It is equally true that the conflict in the evidence is for the jury's decision. In the case before us, there was a direct conflict in the evidence, but the deputy sheriff's evidence, which was relied upon to sustain a service of process, was not from his personal recollection, but was from the fact that the return was signed by him, coupled with his general recollection that he served some kind of paper upon J. H. Stafford. In other words, the evidence is very much like the evidence in the case of Reichman-Crosby Co. v. Horton, supra.

In Kaufman & Sons v. Foster, 89 Miss. 388, 42 So. 667, it was held that it is not a collateral attack upon a judgment, when it is between the same parties, for the defendant to show that no process was served upon him.

These authorities seem to be conclusive as to the correctness of the decision of the court below on the law of the case as far as affects this appeal.

In American Cotton Oil Co. v. La Valle House, 148 Miss. 259, 114 So. 321, a motion was made in the original cause by the defendant to set aside a judgment rendered without proper service of process; the court set it aside, and the plaintiff appealed to this court and the appeal was dismissed, on the ground that the judgment was not final, and that the court itself would raise the question as to whether the appellant had a right to appeal. That case, however, was rendered in the original proceeding. In the case before us, the suit is based upon a judgment, and is a separate cause of action from the original cause. The two suits are entirely independent; there are different issues presented in each; and they permit different defenses.

In this case it is not necessary to decide whether two counts in the declaration, one upon a demand, and the

other upon the original cause of action, could be joined in the same suit. Where a suit is upon a judgment, if valid, the defenses existing at the time the judgment was rendered are cut off.

We are not here called upon to decide whether the court below had authority in this case to direct the parties to appear at the next term and plead in the original cause of action; nor are we called upon now to consider what defense could be availed of, or whether the cause of action would be barred, because of the failure to serve process and take judgment within seven years.

We find no error in the trial of this case, and the judgment will be affirmed.

Affirmed.