JACOB L. KLAUS *v.* EPHRAIM T. MOORE.

1. LIMITATION OF ACTIONS. *Promissory note. Death of maker. Code* 1892, § 2753.

Where the maker of a promissory note dies less than one year before the note is barred by limitation, the bar will not become complete, under code 1892, so providing, until one year after his death.

2. SAME. *Apparent bar. Code* 1892, § 2462. *Laws* 1896, p. 106.

  The provisions of code 1892, § 2462, amended (Laws 1896, p. 106), providing that if a lien appear by the record thereof to be barred by limitation the lien shall cease as to creditors and subsequent purchasers for valuable consideration without notice, unless within six months after the remedy is so barred the fact of its renewal or extension be made of record, does not operate to prevent an extension under code 1892, § 2753, providing therefor, if the debtor die before the debt is barred.

3. SAME.

  The provisions of code 1892, § 2462, amended (Laws 1896, p. 106), supra, can be invoked only by creditors or subsequent purchasers for a valuable consideration without notice who parted with something of value on the appearance of the record.

4. STATUTE OF FRAUDS. *Trusts. Code* 1892, § 4231.

  The assignment of a promissory note, secured by a recorded lien, although the lien be transferred as an incident of the debt, is not within the statute of frauds, code 1892, § 4231, requiring grants, assignments or transfers of any trust or confidence to be in writing.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Klaus, the appellant, was plaintiff in the court below; Moore, the appellee, was defendant there. The action was replevin for personal property. The facts are sufficiently stated in the opinion of the court.

*Orr & Harrison,* for appellant.

The lien of Mrs. Harris and her assignee, Moore, was barred by the statute of limitations of six years. The assertion of Moore's claim, and the sale by the trustee, was not until April 21, 1889, more than six years. Section 2462, code 1892, provides that as to Klaus this deed of Mrs. Harris had lost its vitality; it "ceased," it was to have "no effect as to creditors." But if § 2462 was doubtful, the act of 1896, p. 106, made it certain; the renewal must have been by Spencer, and that act must have been attested on the record by the clerk.

The old trust deed of 1892 was not assigned in writing to Moore until the 12th of January, 1899, and after notice of Klaus' claim.

Now, this assignment in writing by Mrs. Harris, not having been executed until January 12, 1899, can have no retroactive force, so as to interfere with the lawful lien which Spencer Williams had executed to Klaus on April 21, 1898. If that is not the meaning of § 4231, code 1892, we don't know what its meaning is.

*William Baldwin,* for appellee.

Code 1892, § 2462, by express terms, applies only to purchasers for value and creditors, after the bar of the statute appears from the record. Klaus was neither. His rights arose, and his money parted with, while the record shows the existence of Mrs. Harris' lien.

The purpose of code 1892, § 4231, is apparent, and it can have no application here, where the trust is a mere incident to or security for a note. In such case, the assignment of the note is the real assignment. The trust deed need not be assigned at all; it follows as an incident to the assignment of the note.

CALHOON, J., delivered the opinion of the court.

On February 5, 1892, Spencer Williams delivered his promissory note of that date, payable to Mrs. Henrietta Harris on January 1, 1893, and secured its payment by a conveyance in trust of the property involved in this litigation, which was duly recorded.

Spencer Williams died in September, 1898. On January 12, 1899, Mrs. Harris assigned the note to E. T. Moore, the appellee, who bought the property at trustee's sale made under that trust conveyance April 21st, 1899, and took possession.

In opposition to this title, Klaus shows that he is trustee under a conveyance of the same property to him to secure

A. Kraus, executed by Spencer Williams May 20th, 1898, and, to enforce his claim, he brought his action of replevin against Moore, and lost in the court below.

He says that the debt to Mrs. Harris, evidenced by the promissory note, was barred by the statute of limitations of six years. This is plainly a mistake. That note became due in January, 1893, and Williams, the maker of it, having died in September, 1898, by code, § 2753, it had a year to run after his death, so that it would not become barred until September, 1899.

But, he says, even if not barred, the lien of Mrs. Harris, under code, § 2462, as amended by the acts of 1896, p. 106, ceased to have effect because after January 4, 1899, "it appeared on the face of the record to be barred by the statute of limitation," and no "renewal or extension" appeared on the margin of the record.

That statute must be considered in connection with others. Williams, the grantor, under whom both parties claim, was dead before the six years elapsed. He could not, therefore, "renew or extend," or agree to renew or extend, and, by code, § 2755, one year from his death is to be added to the six years. So the bar was not complete until September, 1899, before which date the trust was enforced.

But § 2462 was enacted to protect creditors and purchasers who parted with something on the appearance of the record, and cannot be availed of by Klaus. He took his junior trust conveyance before there was the appearance of any bar on the record, and is neither creditor nor subsequent purchaser within the meaning of this statute.

He also invokes code, § 4231, in the statute of frauds, in support of his contention that the assignment by Mrs. Harris to Moore is void. This statute has no sort of relevancy. It refers to "grants, assignments, or transfers of any trust or confidence," and requires such to be in writing, acknowledged, and recorded.

There is nothing of that sort here. There is no trust or confidence between Mrs. Harris and Moore. She simply assigned to him a promissory note and the security she had for its payment. She did not assign to him any trust. Even if the assignment were void, Klaus could not complain. Mrs. Harris only could complain. If it were void, then the title remained in Mrs. Harris' trustee, and he sold to Moore.

*Affirmed.*