RICHTER PHILLIPS CO. *v.* PHILLIPS.

(Division A. Mar. 16, 1936. Suggestion of Error Overruled, April 13, 1936.)

[166 So. 393. No. 32161.]

Loving & Loving, of Columbus, for appellant.

244

John **F.** **Frierson,** of Columbus, for appellee.

**Cook, J.,** delivered the opinion of the court.

On June 1, 1925, Charles C. Buder executed a deed of trust in favor of the appellee, F. P. Phillips, to secure an indebtedness of four thousand one hundred fifty-three dollars and sixteen cents, evidenced by a promissory note for that sum, due June 1, 1926, and this deed of trust was duly recorded in the office of the chancery clerk of Lowndes county. On October 22, 1931, the appellant, the Richter Phillips Company, secured a decree in the chancery court of Lowndes county against the said Charles C. Buder for the sum of one thousand four hundred sixty-one dollars and fifty-five cents, and this decree was duly enrolled on the judgment rolls of the county.

On January 28, 1934, the appellant filed its bill of complaint setting forth the foregoing facts and copies of the records of the different instruments bearing upon the asserted liens, alleging that the deed of trust in favor of the appellee dated June 1, 1925, became barred by the statute of limitation on June 1, 1932, and praying that its enrolled judgment lien be declared to be superior to any lien held by appellee, and that the land conveyed by the said deed of trust be sold to satisfy the aforesaid enrolled decree.

Appellee answered this bill of complaint, admitted the correctness of the exhibits thereto, and averred, in addition to other defensive matters, that the indebtedness secured by the deed of trust dated June 1, 1925, was renewed and extended by an unrecorded chattel deed of trust executed by the said Charles C. Buder in favor of ap-

pellee on the seventeenth day of March, 1930. This chattel deed of trust was signed and duly acknowledged by Charles C. Buder on March 17, 1930, and a copy thereof was filed as an exhibit to the said answer. The acknowledgment in writing of the former indebtedness which was relied upon to take the note and deed of trust dated June 1, 1925, out of the operation of the six-year statute of limitation, appears in this deed of trust and reads as follows: ''In trust, however, for the following purposes: The first party is justly indebted to the third party in the sum of Five Thousand Nine Hundred and Ninety-Eight and 66/100 ($5,998.66) Dollars, being amount of promissory note heretofore made of Four Thousand One Hundred Fifty-Three and 16/100 ($4,153.16) Dollars, with accrued interest thereon, and also with expenses incurred by the third party for the payment of taxes and insurance on the property set out and described in said deed of trust and this chattel mortgage is given as additional security for that obligation.''

This deed of trust contains the further provisions that it should be void if the obligation secured thereby was paid, and that in the event of default in such payment, the property conveyed thereby should be sold at public sale and the proceeds thereof applied to the payment of such indebtedness.

The court below held that the said chattel deed of trust contained a sufficient acknowledgment in writing of the note and deed of trust dated June 1, 1925, to keep that instrument alive and continue it in full force and effect, and entered a decree dismissing the bill of complaint; and the only question presented by this appeal is whether or not the court erred in so holding.

Section 2318, Code 1930, provides, in part, as follows: ''In actions founded upon any contract, an acknowledgment or promise shall not be evidence of a new or continuing contract whereby to take any case out of the operation of the provisions of this chapter or to de-

prive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby.''

The writing relied on here to save the bar of the statute of limitation expressly acknowledged a secured indebtedness to the appellee, evidenced by a promissory note for the sum of four thousand one hundred fifty-three dollars and sixteen cents, the exact amount of the note secured by the deed of trust dated June 1, 1925. As to the sufficiency of the written acknowledgment, the only point that presents any difficulty is whether or not the indebtedness referred to in the chattel deed of trust, and for which it was given as additional security, is sufficiently identified as being included in the indebtedness secured by the deed of trust dated June 1, 1925. In the case of Heflin v. Kinard, 67 Miss. 522, 7 So. 493, it was held that, in determining the sufficiency of a new promise, parol evidence is admissible to identify the debt and to apply the writing to its subject. In the case at bar, in addition to the acknowledgment of an indebtedness evidenced by a promissory note of the exact amount of the one secured by the prior deed of trust, we have the testimony of appellee's bookkeeper and secretary who handled the transaction and made the calculations of interest in arriving at the total amount secured by the chattel deed of trust. This witness produced the original note for four thousand one hundred fifty-three dollars and sixteen cents, with the calculations made by him prior to the execution of the chattel deed of trust, entered thereon, and fully identified it as being the note included in the indebtedness acknowledged and secured by the chattel deed of trust; and we think the new promise was sufficiently definite to save the bar of the statute of limitation.

Appellant contends, however, that on account of our registration statutes, any new promise appearing in the unrecorded deed of trust could not affect the priority

of its lien. Except as to creditors and subsequent purchasers for a valuable consideration without notice, there is no requirement that a new promise that will avoid the bar of the statute shall be recorded. Section 2147, Code 1930, provides that mortgages and deeds of trust shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they are acknowledged and filed for record; and when a mortgage or deed of trust has been recorded, section 2154, Code 1930, provides that where the remedy to enforce the same "appears on the face of the record to be barred by the statute of limitations, the lien shall cease and have no effect as to creditors and subsequent purchasers for a valuable consideration without notice, unless within six months after such remedy is so barred the fact that such mortgage, deed of trust, or lien has been renewed or extended be entered on the margin of the record thereof, by the creditor, debtor, or trustee, attested by the clerk, or new mortgage, deed of trust, or lien, noting the fact of renewal or extension, be duly filed for record within such time."

In the case of Klaus v. Moore, 77 Miss. 701, 27 So. 612, in construing section 2462, Code of 1892, which upon the point here under consideration is the same as section 2154, Code 1930, the court held that a creditor or subsequent purchaser within the meaning of that statute was one who parted with something of value on the appearance of the record, and that an apparent bar cannot be availed of by one who became a junior lienor before the bar attached and while the notice imparted by the recorded instrument was in full force and effect. This principle was recognized in Bramlett v. Wetlin, 71 Miss. 902, 15 So. 934, and expressly approved and reannounced in Bank of Lexington v. Cooper, 115 Miss. 782, 76 So. 659. The appellant became a judgment creditor of the mortgagor long before there was any appearance of a bar on the face of the record of the original deed of

trust, and it was charged with notice thereof; and, consequently, it was neither a creditor nor subsequent purchaser within the meaning of this statute.

The decree of the court below will therefore be affirmed. Affirmed.