LAMPTON-REID Co. *et al. v.* ALLEN *et al.*

(Division A. Jan. 11, 1937.)

[171 So. 780. No. 32338.]

**J. N. Ogden,** of Magnolia, for appellants.

**J. M. Alford,** of Tylertown, and **Price, Price & Phillips,** of Magnolia, for appellees.

Argued orally by **J. N. Ogden**, for appellant, and by **John A. Phillips**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This suit involves the title and right of possession of three separate twenty-acre tracts of land, which will be hereinafter designated as parcels Nos. 1, 2, and 3.

During and prior to the year 1918, Iverson Allen owned parcels Nos. 2 and 3, and in 1921 he acquired title to parcel No. 1, and has since lived on and cultivated these three parcels of land. On December 16, 1918, the said Allen and his wife executed to the Farmers Bank of Osyka a promissory note in the sum of five hundred forty-one dollars and eighty-five cents, due November 1, 1919, and secured by deed of trust on parcels Nos. 2 and 3 of the land here involved. This note was indorsed by the appellee Immer Ball, and the time for the payment thereof was duly extended from time to time until September 26, 1924, when the bank refused further extensions. Thereupon the said Ball, as accommodation indorser, paid the indebtedness to the bank, and the note and deed of trust were transferred and delivered to him. The fact that the note and the deed of trust had been extended from time to time to September 26, 1924, was not entered or noted on the record of the deed of trust within six months after the remedy to enforce the same appeared on the face of the record to be barred by the statute of limitations, and in fact such notations have never been made.

On February 25, 1924, Allen and his wife became indebted to Jerome Ford in the amount of six hundred thirty-nine dollars and eighty-four cents, and to secure this indebtedness they executed to him a note and deed of trust on parcels Nos. 2 and 3 of said land, and this instrument was promptly recorded. There was also described in this deed of trust an additional sixty acres of land which did not belong to the Allens. After the note secured by this deed of trust was past due and unpaid, it was transferred and assigned to a third party,

who in turn, on April 3, 1928, assigned it, for a valuable consideration, to H. W. Kenna and L. M. Brumfield, and this assignment was duly entered on the margin of the record of the deed of trust.

On January 2, 1926, Iverson Allen and his mother signed a deed of trust in favor of Immer Ball covering parcel No. 1 of said land, but this instrument was not recorded, and on May 8, 1926, the said Allen and wife executed in favor of Ball a deed of trust to secure an indebtedness of six hundred dollars, due October 1, 1926, in which parcels Nos. 2 and 3 of the land were conveyed in trust, and this deed of trust was afterwards duly recorded. On December 4, 1928, the said Allen and wife executed a deed conveying to Immer Ball the three parcels of land, and this instrument, which recited no consideration, was duly filed for record and recorded.

On the failure of the Allens to pay and satisfy the Ford note on or before July 30, 1929, Kenna and Brumfield, the then owners of said indebtedness and deed of trust securing the same, filed their bill of complaint against Iverson Allen, his wife, Anna Allen, Immer Ball, and W. L. Brent, trustee, wherein they sought, first, a reformation of the said deed of trust so as to include therein parcel No. 1 of said land, and exclude therefrom the sixty acres described therein, which the Allens did not own; second, a cancellation of the deed of trust in favor of Immer Ball dated May 8, 1926, and the deed in his favor dated December 4, 1928; and third, the foreclosure of the reformed deed of trust as a first and prior lien on the three parcels of land. On this bill of complaint process was issued and duly returned by the sheriff with the notation that personal service was had on all the defendants on August 8, 1929. None of the defendants entered an appearance or filed an answer, and the cause duly proceeded to a final decree, whereby the said deed of trust was ordered to be reformed so as to include therein parcel No. 1 of the land; the said in-

struments in favor of the defendant Ball were canceled, and the land was ordered to be sold by a commissioner appointed by the court. In pursuance of this decree, the commissioner advertised and sold the land to H. W. Kenna for the sum of three hundred dollars, and this sale was reported to and confirmed by the court, and a commissioner's deed was executed, conveying the three parcels of land to the said Kenna. Thereafter for a recited consideration of ten dollars Kenna conveyed the land to the appellant Lampton-Reid Company.

On April 16, 1931, the said Lampton-Reid Company began a proceeding in the chancery court against the said Iverson Allen and Immer Ball seeking a personal decree against them for rent on all the land for the year 1930, and thereafter it filed a proceeding in the county court seeking to remove the said Allen from the land. The latter suit was transferred to the chancery court and consolidated with the proceeding pending therein, and to these consolidated causes the defendants filed answers, and the defendant Ball filed a cross-bill which was substantially the same as an original bill later filed by him and consolidated with the proceedings already pending.

In the original bill last above mentioned the Lampton-Reid Company, Iverson Allen, and his wife, Anna Allen, H. W. Kenna, and L. M. Brumfield were joined as defendants, and it was therein alleged, with deraignment of title, that Ball was the owner of the three parcels of land; that the deed of trust in his favor dated May 8, 1926, was entitled to priority over the Ford deed of trust which was executed on February 25, 1924; that the decree in the former foreclosure proceeding, and the resultant deeds eventually placing the title in the Lampton-Reid Company, should be canceled as being fraudulent and void, for the reason, among others, that the said decree was rendered without service of process on the said Ball, or notice to him of said proceeding in any manner or form. The bill also prayed for a reformation of

the deed from the defendants Iverson Allen and wife to the said Ball, so as to recite the proper consideration therefor, and for a confirmation of Ball's title to all said land. After answers were filed, the combined causes were heard, and upon the proof, the chancellor entered a decree granting the full relief prayed for in the cross-bill and the original bill last above mentioned, and from this decree the Lampton-Reid Company, H. W. Kenna, and L. M. Brumfield prosecuted this appeal.

Section 2292, Code of 1930, prescribes the period of limitation within which actions on promissory notes shall be commenced, as being six years next after the cause of action shall have accrued thereon, that is, within six years next after the instrument has become due and payable; while section 2290, Code of 1930, provides that no action, suit, or other proceedings shall be brought or had upon any lien, mortgage, or deed of trust to recover the sum of money secured thereby and specified in any writing, unless such action, suit, or proceeding is begun within the time allowed for the commencement of an action at law upon the writing in which the sum of money secured by such mortgage or deed of trust is specified, and that "in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred."

The deed of trust executed by Allen and his wife in favor of the Farmers Bank of Osyka, conveying parcels Nos. 2 and 3 of the land, secured a note payable on November 1, 1919, and, so far as the face of the record of this instrument showed, the lien thereof became barred six years thereafter, or, on November 1, 1925. True it is that the note secured by the deed of trust was extended from time to time until September 26, 1924, but the fact that such extensions had been made was not noted on the margin of the record of the deed of trust before the remedy to enforce it appeared on the face of the record to be barred, or within six months thereafter,

and in view of the provision of the statute, section 2154, Code of 1930, hereinafter to be discussed, these extensions did not in any way affect the rights of subsequent creditors, and purchasers for a valuable consideration without notice of such extensions. It is argued that, as between the mortgagors and Ball, the accommodation indorser who paid the indebtedness to the Farmers Bank on or about September 26, 1924, the indebtedness was not barred until six years after such payment, for the reason that no cause of action accrued in favor of this indorser until he paid the debt; but that fact was wholly immaterial as affecting the rights of subsequent creditors and purchasers without notice.

Section 2154, Code of 1930, provides as follows:

"Where the remedy to enforce any mortgage, deed of trust, or other lien on real or personal property which is recorded, appears on the face of the record to be barred by the statute of limitations, the lien shall cease and have no effect as to creditors and subsequent purchasers for a valuable consideration without notice, unless within six months after such remedy is so barred the fact that such mortgage, deed of trust, or lien has been renewed or extended be entered on the margin of the record thereof, by the creditor, debtor, or trustee, attested by the clerk, or new mortgage, deed of trust, or lien, noting the fact of renewal or extension, be duly filed for record within such time. And where a suit shall have been brought to keep a judgment alive within seven years from the rendition of such judgment, the general lien of such judgment shall expire as to creditors and subsequent purchasers for a valuable consideration, without notice, at the end of seven years from the rendition of such judgment, notwithstanding such suit to keep alive the judgment, unless a notation to keep alive such judgment shall be made on the judgment-roll within six months after the expiration of seven years from the time of the rendition of such judgment."

In view of the provisions of this statute that, where the remedy to enforce any deed of trust appears on the face of the record of the deed of trust to be barred by the statute of limitations, the lien thereof shall cease and have no effect as to creditors and subsequent purchasers for a valuable consideration without notice, the lien of the Farmers Bank deed of trust became wholly ineffective as to such creditors and purchasers at the end of six months after the note secured by the said deed of trust appeared on the face of the record to be barred by the statute of limitation. And at the end of the stated six-month period the Ford deed of trust became the first and prior lien on the land covered thereby as to all creditors and subsequent purchasers within the meaning of the above-quoted section 2154 of the Code of 1930. In avoidance of the effect of this statute, however, the appellees rely upon the case of Richter Phillips Co. v. Phillips, 175 Miss. 242, 166 So. 393, wherein it was held that a creditor or subsequent purchaser within the meaning of this statute is one who parted with something of value on the appearance of the record, and that the apparent bar cannot be availed of by one who became a junior lienor before the bar attached and while the notice imparted by the recorded instrument was in full force and effect.

It is true that Jerome Ford became a junior lienor before the bar of the statute of limitations attached to the Farmers Bank deed of trust and while the notice imparted by the record of that instrument was in full force and effect, and consequently under the rule announced in the Richter Phillips Co. Case, supra, any assertion by Ford of a prior right under the deed of trust would have been defeated. But at the time Kenna and Brumfield purchased, for a valuable consideration, the note and security, the deed of trust appeared on record as a first lien on the land in question. There is no suggestion in the record that they had any actual

notice that the lien had not been extinguished, and on the appearance of the record that the lien of the Farmers Bank deed of trust was barred and the lien thereof totally extinguished, they "parted with something of value" and thereby they became creditors or subsequent purchasers within the protection of the statute. Consequently, as to parcels Nos. 2 and 3 of the land, the right of appellants Kenna and Brumfield and those who acquired title through them is superior to the claim of the appellee Ball, and the decree will be reversed in so far as it affects the title to these parcels, which are particularly described as the west half of southeast quarter of southwest quarter of section 7, Township 1, Range 9, and the north half of northwest quarter of northwest quarter of section 18, Township 1, Range 9.

Appellee Ball's claim of title to parcel No. 1 of the said land rests upon the unrecorded deed of trust in his favor of January 2, 1926, and the deed from Iverson Allen and his wife to him, which was executed on December 4, 1928, long before the proceeding was filed to reform the Ford deed of trust so as to include therein the said parcel of land. At the time of the execution of this deed there was nothing of record touching the title to this land to charge Ball with notice of any lien or encumbrance whatever on this parcel of land, and no evidence that he had any notice whatsoever, actual, or constructive that this land was omitted from the Ford deed of trust by mutual mistake of the parties thereto, and, when he became the purchaser thereof for value under these circumstances, he acquired a title that is superior to any claim of title based upon the Ford deed of trust, unless he is bound by the former proceedings attempting to reform the Ford deed of trust.

The validity of the decree in the former proceeding wherein the Ford deed of trust was ordered to be reformed so as to include therein parcel No. 1 of this land, and to be foreclosed as thus reformed, is directly at-

tacked on the ground that the said Immer Ball, a defendant therein, was never served with summons and had no notice of said suit and no opportunity whatsoever to make defense thereto. Ball testified positively that he was never served with summons in the said reformation and foreclosure suit, and that he had no notice whatever of the pendency thereof, or the decree therein, until long after the suit had been finally concluded. There is nothing whatever in this record to impeach, contradict, or cast doubt or suspicion upon this testimony, and it was sufficient to support the finding of the chancellor that the decree entered in the former suit was void and should be vacated in so far as it affected the title of said Ball to any of the land. It is argued by appellant that the testimony of a defendant alone is insufficient to overcome the presumption in favor of an officer's return showing service of summons, but such is not the rule in this state. In Reichman-Crosby Co. v. Horton, 143 Miss. 141, 108 So. 443, where the sheriff testified, based solely upon his return and the custom of his office, that he served the summons on the defendant, and the defendant alone testified that she was not served with summons, the court held that the testimony of the defendant, if believed, was sufficient to overcome the presumption and to support the finding of the chancellor that she was not served. In Schwartz Bros. & Co. v. Stafford, 166 Miss. 397, 148 So. 794, it was held that the testimony of the defendant alone that he was not served with process, which was contradicted by the deputy sheriff who was alleged to have served the process, presents an issue of fact for decision by the trial court. Consequently, the decree of the court below will be affirmed in so far as it reformed the deed from the Allens to Ball, so as to show the proper consideration; and canceled the foreclosure proceeding and deeds based thereon in so far as they affected the title to parcel No. 1 of the land, which is particularly described as the

west half of southwest quarter of southwest quarter of section 7, Township 1, Range 9, and confirmed the title of the appellee Ball thereto. There is no evidence whatever from which the reasonable rental value of parcels Nos. 2 and 3, separate and apart from parcel No. 1, can be determined, and therefore the decree of the court below will be reversed in so far as it affects the title to these two parcels, and the cause will be remanded for the establishment of the appellant Lampton-Reid Company's title to these parcels, and the assessment of a reasonable rent therefor.

Affirmed in part; reversed in part, and remanded.