I join Justice D. Lee's dissent for the further reason that Miss. Code Ann. § 89-5-19 (1972) compels reversal.[1]
On April 8, 1981, Mr. and Mrs. Gentry executed a deed of trust in favor of Credithrift to secure an indebtedness "in the full amount of $23,679.76, as evidenced by a promissory note of even date herewith in favor of the beneficiary . . . and being due *Page 67 
and payable as follows, to-wit: Terms: 72 payments of $328.88 each."
The deed of trust does not give the due date of any of the installments under the promissory note.
In checking titles the attorney always looks, as to any deed of trust not marked satisfied of public record, at the date of the deed of trust, and the due date of the final installment of the note secured by the deed of trust. If more than six years has transpired from the due date of the final installment of the note secured by the deed of trust, the deed of trust is barred. Assuming the note on its face is barred, the title attorney has no obligation to go to the creditor bank and see if there is some other indebtedness under that deed of trust which has not been paid.
If the note secured by the deed of trust shows on its face that it is barred, the attorney advises his client that he can make a loan and have a first mortgage.
There is a very easy way for a creditor who has made advances which have not been paid, and/or some of the note secured by the deed of trust remains due and the six-year statute of limitations is about to expire. What does he do? He makes a new note and a new deed of trust encompassing all current indebtedness, and puts on the face of the new deed of trust that it is in renewal and extension of the old deed of trust dated ____, and recorded ____. As an additional precaution, he or the debtor can also put on the margin of the old deed of trust that it is being extended and renewed.
In this way everybody is protected, nobody is hurt, and this is precisely what Miss. Code Ann. § 89-5-19 is all about.
Miss. Code Ann. § 89-5-19, clearly provides that when the statute of limitations has run from the date of the last installment on the note secured by the deed of trust as itappears on the public record (not the way the note may actually read), then it is all over. This is the way this Court has construed the statute. Lampton-Reid Co. v. Allen, 177 Miss. 698, 712, 171 So. 780, 782 (1937); Musser v. First Nat'l Bank v.Corinth, 165 Miss. 873, 882, 147 So. 783, 784 (1933).
If the bank wants to prevent this, then it can enter on the margin of the deed of trust within six months after the remedy has been barred that the deed of trust is being renewed, or make out a new deed of trust NOTING THE FACT OF RENEWAL OR EXTENSION and file it of public record. If the creditor bank does not do this, it loses its place in priority.
Miss. Code Ann. § 89-5-19 tells you something else:
 If the date of final maturity of such indebtedness so secured cannot be ascertained from the face of the record, the same shall be deemed to be due one year from the date of the instrument securing the same for the purpose of this section.
Because Credithrift did not see fit to enlighten the public as to the due date or final maturity of the promissory note for which this deed of trust was executed, the six-year statute began to run April 8, 1982, one year from date of the deed of trust. Six years expired April 7, 1988.
The complaint to establish its lien was filed July 15, 1988. At that time Credithrift had no lien under its 1981 deed of trust.
DAN LEE, P.J., concurs in result only.
[1] § 89-5-19. When a lien appears by the record to be barred, it ceases.
Where the remedy to enforce any . . . deed of trust, or other lien on real or personal property which is recorded, appears on the face of the record to be barred by the statute of limitations (which, as to a series of notes or a note payable in installments, shall begin to run from and after the maturity date of the last note or last installment), the lien shall cease and have no effect as to creditors and subsequent purchasers for a valuable consideration without notice, unless within six (6) months after such remedy is so barred the fact that such . . . deed of trust, or lien has been renewed or extended be entered on the margin of the record thereof, by the creditor, debtor, or trustee, attested by the clerk, or a new . . . deed of trust, . . . noting the fact of renewal or extension, be duly filed for record within such time. If the date of final maturity of such indebtedness so secured cannot be ascertained from the record the same shall be deemed to be due one year from the date of the instrument securing the same for the purpose of this section. . . .