# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01593-COA

REBECCA ANDERSON                                                    APPELLANT

v.

PASCAGOULA SCHOOL DISTRICT                                          APPELLEE

DATE OF JUDGMENT:              09/23/2015
TRIAL JUDGE:                   HON. DALE HARKEY
COURT FROM WHICH APPEALED:     JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        KAYE J. PERSONS
ATTORNEY FOR APPELLEE:         STEPHEN A. ANDERSON
NATURE OF THE CASE:            CIVIL - TORTS - OTHER THAN PERSONAL
                               INJURY AND PROPERTY DAMAGE
TRIAL COURT DISPOSITION:       DISMISSED APPELLANT'S COMPLAINT
                               FOR INSUFFICIENT SERVICE OF
                               PROCESS
DISPOSITION:                   AFFIRMED - 03/07/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC.

CARLTON, J., FOR THE COURT:

¶1.     Rebecca Anderson[1] appeals the Jackson County Circuit Court's judgment dismissing

without prejudice her complaint against the Pascagoula School District (PSD) for insufficient

service of process. Finding no error, we affirm the circuit court's dismissal of Rebecca's

complaint.

## FACTS

¶2.     On April 24, 2014, Rebecca filed a complaint against PSD for wrongful termination

---

[1] Because this case involves multiple individuals with the last name of "Anderson," we refer to each of those individuals by their first names.

in violation of public policy, defamation, and intentional and/or negligent infliction of emotional distress. Pursuant to Rule 4(h) of the Mississippi Rules of Civil Procedure, Rebecca possessed 120 days from the date she filed her complaint to serve PSD with process. On August 18, 2014, four days before the expiration of the 120-day deadline, Rebecca attempted to serve PSD.

¶3. According to the affidavit of Kendra Anderson, a receptionist at PSD's central office, an unidentified woman walked into the central office on August 18, 2014, and handed Kendra a brown envelope. Kendra stated the woman told her that the envelope was intended for Superintendent Wayne Rodolfich. However, Kendra testified that the woman never identified herself as a process server and never explained that she was attempting to serve process on PSD. Kendra further testified that the woman never asked to speak to Superintendent Rodolfich or someone else with authority to accept service of process. In addition, Kendra stated in her affidavit that she was not authorized to accept legal documents or service of process on PSD's behalf and that she had never before done so.

¶4. On September 11, 2014, PSD filed its answer to Rebecca's complaint. In its answer, PSD specifically asserted the affirmative defenses of insufficiency of process and insufficiency of service of process. *See* M.R.C.P. 12(b)(4)-(5). On November 3, 2014, PSD filed a motion to dismiss Rebecca's complaint for insufficient process and for insufficient service of process. *See id.* To support its motion, PSD attached the affidavits of Kendra and Superintendent Rodolfich. Superintendent Rodolfich stated in his affidavit that he was familiar with those designated and authorized to accept service of process on PSD's behalf.

In addition to himself, Superintendent Rodolfich provided that his secretary, Debbie Ruemenapp, and PSD's chief operating officer, Kathy Chenoweth, were the only individuals authorized to accept service of process for PSD. Based on these facts, PSD asserted that Rebecca's attempt to serve process on PSD through Kendra was insufficient and justified the dismissal of her complaint.

¶5. Four days after PSD filed its motion to dismiss, Rebecca effected personal service of process on Superintendent Rodolfich on November 7, 2014. On November 14, 2014, Rebecca filed her response to PSD's motion to dismiss. She also filed cross-motions asking the circuit court to grant her additional time to effect service of process and to strike certain statements contained in Kendra's and Superintendent Rodolfich's affidavits.

¶6. In an order entered on September 23, 2015, the circuit court ruled on PSD's motion to dismiss. The circuit court found no evidence in the record to show that Rebecca ever filed with the clerk's office a return of service for the attempt made on August 18, 2014. However, the circuit court did find that Rebecca attached a copy of the return of service to her response to PSD's dismissal motion. The attached copy of the return of service identified the process server and showed that Rebecca's attorney had notarized the document on August 18, 2014. In addition, the circuit court found that the copy of the return specifically provided that the process server had personally delivered copies of the summons on August 18, 2014, to PSD's headquarters through Kendra, the receptionist.

¶7. The circuit court found that Kendra lacked any real or apparent authority to accept process on PSD's behalf. The circuit court further determined that Rebecca failed to effect

3

proper service of process until she personally served Superintendent Rodolfich on November 7, 2014, which was 166 days after she filed her complaint. As a result, the circuit court concluded that Rebecca's complaint was subject to dismissal unless she could show good cause for the delay. *See* M.R.C.P. 4(h).

¶8. In determining whether good cause existed, the circuit court concluded that Rebecca could not "rely on the conduct of her process server or other third person, nor [could] she claim diligence in regard to the August 18, 2014" attempt to serve process. The circuit court found that the copy of the return of service, which was notarized by Rebecca's attorney, indicated that the process server delivered the summons to PSD's receptionist, Kendra, rather than to Superintendent Rodolfich. The circuit court concluded that this fact alone indicated some form of substituted service of process and should have led to further inquiry about the precise manner of service. In addition, the circuit court found that the copy of the return of service was technically deficient because the document provided that the process server delivered a copy of only the summons rather than a copy of both the summons and the complaint. *See* M.R.C.P. 4(d)(8).

¶9. The circuit court also found no merit to Rebecca's arguments that PSD misled her as to the proper agents for service of process or that the circuit court should have granted an additional 120 days for service of process pursuant to Rule 6(b) of the Mississippi Rules of Civil Procedure. The circuit court found that Rebecca failed to show either that PSD provided misleading information or that she detrimentally relied on any such information. Furthermore, the circuit court determined (1) that Rebecca failed to request a Rule 6(b)

4

extension before the expiration of her initial 120-day deadline, and (2) that she failed to show

excusable neglect for her failure to timely effect service of process. Based on its findings,

the circuit court granted PSD's motion and dismissed Rebecca's complaint without prejudice.

Aggrieved by the circuit court's judgment, Rebecca appeals to this Court.

## STANDARD OF REVIEW

¶10. We "review[] de novo a trial court's grant or denial of a motion to dismiss." *Johnson*

*v. Rao*, 952 So. 2d 151, 154 (¶9) (Miss. 2007) (citation omitted). However, we review the

trial court's fact-based findings for abuse of discretion, and we will not reverse the trial

court's factual findings when supported by substantial evidence. *Id.*

¶11. In *Lewis Entertainment Inc. v. Brady*, 142 So. 3d 396, 398 (¶6) (Miss. 2014), the

Mississippi Supreme Court stated:

> Determining whether there is good cause for failure to serve process is a
> discretionary ruling on the part of the trial court and is entitled to deferential
> review of whether the trial court abused its discretion and whether there was
> substantial evidence supporting the determination. On the other hand,
> determining whether there should have been an extension of time is a question
> of law[,] which [the appellate] [c]ourt reviews de novo.

(Internal citations and quotation marks omitted).

## DISCUSSION

### I.     Insufficient Service of Process

¶12. Rebecca asserts on appeal that the circuit court erroneously dismissed her complaint

against PSD for insufficient service of process. Rebecca argues that her initial service of

process on PSD was timely. However, she claims that PSD's failure to publicly identify the

three individuals it had privately designated as agents for service of process misled her

5

process server. Rebecca further alleges that Kendra was seated just outside Superintendent Rodolfich's office and accepted the lawsuit papers from the process server without question or objection. In addition, Rebecca contends that Kendra's acceptance of the lawsuit papers was no different than when Superintendent Rodolfich's secretary, Ruemenapp, received notice on PSD's behalf of Rebecca's tort claim.[2]

¶13.   This Court has previously recognized that "the burden is on the plaintiff to determine the proper entity to be served and to ensure that the entity is served correctly." *Hudson v. Lowe's Home Ctrs. Inc.*, 170 So. 3d 602, 606 (¶14) (Miss. Ct. App. 2014) (citing *Lewis Entm't*, 142 So. 3d at 399-401 (¶¶10, 12)).  As a school district, PSD constitutes a political subdivision. *See* Miss. Code Ann. § 37-6-5 (Rev. 2013).  Rule 4(d)(8) of the Mississippi Rules of Civil Procedure establishes that service of process should be made on such a governmental entity

> by delivering a copy of the summons and complaint to the person, officer, group[,] or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity.  Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

¶14.   Our caselaw also recognizes instances where, even though an individual lacks express authority to accept service of process on another's behalf, he or she may possess apparent authority to accept service of process. *Spurgeon v. Egger*, 989 So. 2d 901, 904 (¶12) (Miss. Ct. App. 2007).  We have stated:

> An apparent or ostensible agent is one whom the principal has intentionally or

---

[2] In his affidavit, Superintendent Rodolfich identified Ruemenapp as one of the three individuals authorized to accept service of process on PSD's behalf.

by want of ordinary care induced third parties to believe is his agent, although no authority has been conferred on him either expressly or by implication. One may also be an apparent agent if he reasonably appears by third parties to be the authorized agent of the principal. . . . We are mindful that questions of whether a person has apparent authority to accept service of process for another [are] factual issue[s] to be decided by the chancellor, and where a circuit court judge sits without a jury, the circuit court is entitled to the same deference as a chancellor, and the circuit court's findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.

*Id.* at 905 (¶13) (internal citations and quotation marks omitted). *See also Nelson v. Baptist Mem'l Hosp.-N. Miss. Inc.*, 70 So. 3d 190, 195 (¶17) (Miss. 2011) (recognizing that we must "appl[y] an abuse-of-discretion standard to the trial court's findings of fact regarding the issue of apparent authority and whether a person qualifies as an agent under Rule 4").

¶15. In *Williams v. Kilgore*, 618 So. 2d 51, 56 (Miss. 1992), a deputy sheriff gave a summons and complaint to a doctor's office manager. Although both the doctor and the office manager stated in their affidavits that the office manager lacked express authority to accept service of process on the doctor's behalf, the deputy "testified that on many occasions [the office manager] had accepted service on behalf of [the doctors in the] office and that he [(the deputy)] had never been instructed to the contrary on this or any other occasion." *Id.* In holding that the deputy properly served process, the supreme court found nothing in Mississippi caselaw that "precludes the acceptance of service of process by an agent such as an office manager, who, by custom and practice, is vested with apparent authority to do so." *Id.*

¶16. By contrast, in *Johnson*, the supreme court affirmed the circuit court's dismissal of the complaint due to insufficient service of process. *Johnson*, 952 So. 2d at 158 (¶20). The

deputy sheriff in *Johnson* served process on a doctor's receptionist. *Id.* at 153 (¶2). Although the parties disputed the events surrounding service, the receptionist provided the following testimony at the hearing on the motion to dismiss:

> [The receptionist] testified that she was not authorized by [the doctor] to accept service of process; that she was not aware that the papers were regarding a lawsuit against [the doctor]; that she had never accepted service of process on behalf of [the doctor] or anyone else[] in the past; that the deputy did not ask to see [the doctor] and did not inform her that he was there to serve process on [the doctor].

*Id.* at 158 (¶18).

¶17. The *Johnson* court also found no record evidence to show that the doctor authorized the receptionist to accept process or that she had ever previously accepted process on the doctor's behalf. *Id.* Moreover, the *Johnson* court concluded that nothing in the record contradicted the assertion that the receptionist lacked authority to accept service of process on the doctor's behalf. *Id. See also Spurgeon*, 989 So. 2d at 905-06 (¶¶15-17) (finding that a doctor's office assistant lacked express or apparent authority to accept service of process on the doctor's behalf).

¶18. In the present case, the record reflects that, four days before the expiration of her Rule 4(h) 120-day deadline, Rebecca attempted to serve process on PSD. The record reflects that Rebecca's process server handed a brown envelope to Kendra, who worked as a receptionist at PSD's central office. Kendra stated in her affidavit that the process server never identified herself as a process server and never disclosed the contents of the envelope. Instead, Kendra testified that the woman simply stated that the envelope was meant for Superintendent Rodolfich.

8

¶19. Like the receptionist in *Johnson*, Kendra testified that PSD had not authorized her to accept service of process on its behalf; that she had never before accepted service of process on PSD's behalf; that the process server never asked to speak to someone with the authority to accept service of process; and that the process server never stated her intention to serve process on PSD. In addition to Kendra's affidavit, PSD submitted an affidavit from Superintendent Rodolfich, which supported Kendra's testimony that she was not authorized to accept service of process on PSD's behalf.

¶20. Upon review, we find no abuse of discretion in the circuit court's determination that Kendra failed to constitute one of PSD's agents for service of process. The evidence in the record reflects that Kendra lacked any real or apparent authority to accept service of process on PSD's behalf. The record further reflects that Rebecca failed to properly serve process on PSD until 166 days after filing her complaint, at which time she effected personal service on Superintendent Rodolfich. Based on these facts, we find no abuse of discretion in the circuit court's determination that Rebecca failed to properly effect service of process within Rule 4(h)'s 120-day deadline. As a result, we now turn our focus to whether Rebecca showed good cause for her failure to timely effect service of process.

## II. Extension for Good Cause

¶21. Rebecca asserts that she showed good cause for any failure to timely serve PSD. As discussed, Rebecca first argues that PSD failed to publicly provide the identity of the three individuals authorized to receive service of process on PSD's behalf. Rebecca further states that she only learned upon receipt of PSD's motion to dismiss that (1) PSD had only

9

designated and authorized three individuals to accept service of process; (2) Kendra was not one of those designated individuals; and (3) PSD considered Rebecca's service of process insufficient. Rebecca further contends that, upon learning of the alleged defect in service of process, she immediately hired a second process server to personally serve Superintendent Rodolfich, and she then filed a motion requesting an extension of time. Based on these facts allegedly showing good cause, Rebecca asserts that the circuit court erred by not granting her an extension of the service-of-process deadline.

¶22.    As already acknowledged:

> We review a trial court's finding of fact on the existence of good cause for delay in service of process pursuant to our familiar abuse[-]of[-]discretion standard. As such, the circuit court's determination of fact as to whether there was good cause for delay in service of process is a discretionary ruling entitled to deferential review on appeal.

*Spurgeon*, 989 So. 2d at 906 (¶19) (internal citation omitted).

¶23.    This Court has previously stated:

> Rule 4(h) requires a plaintiff to serve the summons and complaint on a defendant within 120 days of filing a complaint; otherwise, the judge must dismiss the action without prejudice. Under . . . Rule 6(b), a court may extend the time a party has to act (1) for cause shown, if within the initial time period, or (2) upon a finding of excusable neglect after the expiration of the time period. A court may grant an extension of time under Rule 6(b), if within the initial 120[-]day time period, without motion and without notice. Accordingly, a judge may grant an extension of time to serve process under Rule 4(h) prior to the expiration of the original 120 days for service without a showing of good cause. Only after the expiration of the original 120 days must the plaintiff show good cause to receive an extension of time to serve process. An application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party.

*Nelson v. Baptist Mem'l Hosp.-N. Miss. Inc.*, 972 So. 2d 667, 670-71 (¶8) (Miss. Ct. App.

10

2007) (internal citations and quotation marks omitted).

¶24.  Because Rebecca requested an extension of the service-of-process deadline after the expiration of the 120-day period, Mississippi caselaw requires her to meet the heightened showing of good cause for her failure to timely serve process. *See id.* Furthermore, as the plaintiff, Rebecca "bears the burden of establishing good cause." *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (¶7) (Miss. 2002) (citing M.R.C.P. 4(h)).

¶25.  The supreme court has recognized:

> To establish good cause, the plaintiff has the burden to show at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules does not suffice. When making a good-cause determination, the following factors should be considered:
>
> > a.  the conduct of a third person, typically the process server,
> >
> > b.  the defendant has evaded service of the process or engaged in misleading conduct,
> >
> > c.  the plaintiff acted diligently in trying to effect service or there are understandable mitigating circumstances, or
> >
> > d.  the plaintiff is proceeding pro se or in forma pauperis.

*Lewis Entm't*, 142 So. 3d at 399 (¶9) (internal citations omitted).

¶26.  As the record reflects, Rebecca attempted to serve process on PSD on August 18, 2014, four days prior to the expiration of the 120-day period. PSD then filed its motion to dismiss on November 3, 2014, and Rebecca effected personal service on Superintendent Rodolfich on November 7, 2014—166 days after she filed her complaint. On November 14, 2014, Rebecca filed her response to the motion to dismiss, and she filed a cross-motion

11

asking the circuit court to grant her an extension of the service-of-process deadline.

¶27. In addressing Rebecca's request for an extension of time to effect service of process, the circuit court concluded that Rebecca failed to show good cause or excusable neglect. Despite Rebecca's claims of confusion as to PSD's proper agents for service of process, the circuit court found that Rebecca specifically chose Superintendent Rodolfich as the individual upon whom to serve process. Furthermore, the circuit court stated that there could be no doubt that Superintendent Rodolfich, as the superintendent of PSD, was the person responsible for the administration of PSD. As a result, the circuit court concluded that Rebecca failed to show that PSD provided, or that she detrimentally relied on, misleading information about the proper agents for service of process.

¶28. In addition, the circuit court determined that Rebecca was not proceeding pro se or in forma pauperis, could not "rely on the conduct of her process server or other third person, [and could not] claim diligence in regard to the August 18, 2014" attempt to serve process. The circuit court noted that Rebecca's attorney had notarized the copy of the return of service, which indicated: (1) the process server delivered only a copy of the summons rather than a copy of both the summons and the complaint; and (2) the document was given to Kendra rather than to Superintendent Rodolfich. Based on these facts, the circuit court concluded that Rebecca should have been alerted to possible defects in service of process and should have made further inquiries to determine whether PSD was properly served.

¶29. We also note that, on appeal, Rebecca argues that PSD cannot claim, and has not claimed, any bad faith or prejudice related to the delay in service of process. Rebecca instead

asserts that PSD "has been intimately involved" in her case since the very first day. However, our caselaw fails to recognize this argument as a basis for improper service of process. Instead, Mississippi precedent establishes that "actual knowledge of a suit does not excuse proper service of process." *Spurgeon*, 989 So. 2d at 907 (¶22) (citation omitted).

¶30.    Upon review, we find the record contains substantial evidence to support the circuit court's finding that Rebecca failed to show good cause for the delay in service of process. We therefore find no abuse of discretion in the circuit court's dismissal of Rebecca's complaint for insufficient service of process.

¶31.    **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**