# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00260-COA

**MARY HAVARD**                                                                    **APPELLANT**

**v.**

**AVIE HART**                                                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2022 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LEE TURNER |
| ATTORNEYS FOR APPELLEE: | MARK C. CARROLL |
| | LUKE ENTERKIN WHITAKER |
| | KELLY McREYNOLDS McLEOD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 09/03/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Mary Havard was injured in a parking lot after her shopping cart was struck by Avie Hart's vehicle. Havard filed a negligence lawsuit against Hart and obtained an entry of default after Hart did not timely file a response or defense against the claims. Hart alleged she was never properly served with process and filed a motion to dismiss the action. Following a hearing, the circuit judge found that Hart was never properly served and thus dismissed the case. Havard filed a motion to alter or amend the judgment or, alternatively, for reconsideration or other relief. The circuit court denied the motion. Aggrieved, Havard appeals. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2. On August 1, 2017, Havard suffered injuries after Hart's car struck Havard's shopping cart in a parking lot.[1] On July 30, 2020, Havard sued Hart for negligence in the George County Circuit Court. On October 13, 2020, a summons was issued to Hart. She was allegedly served with process on November 4, 2020, at 8844 Highway 613, Lot 4, in Moss Point. The proof of service indicates the summons and a copy of the complaint were left at Hart's "usual place of abode" with Justin Anderson, a "member of the family" who was over the age of sixteen and agreed to receive the summons and complaint.[2] The process server also certified that a copy of the summons and complaint were sent by mail to Hart on November 10, 2020. Unlike the summons, the return of proof of service had two addresses listed for Hart—the one at which she was allegedly served and another on 3616 Ryland Road.

¶3. Nine months later, on August 25, 2021, Havard filed an application for an entry of default with the circuit court clerk based upon Hart's failure to plead, answer, or otherwise defend the action. The filing included an affidavit from Havard's attorney as well as copies of the summons, complaint, and proof of service. On August 26, 2021, the clerk entered a default against Hart. On October 11, 2021, Hart filed a motion to dismiss asserting improper

---

[1] Appellee's last name is Hartfield, but she told police her last name was "Hart" which apparently made service difficult. The record uses both Hartfield and Hart. We use "Hart" unless quoting the record.

[2] Specifically, the process server certified:

> After exercising reasonable diligence I was unable to deliver copies to said person within Jackson County of the State of Mississippi. I served the summons and complaint on the 4th day of November, 2020 at the usual place of abode of said person by leaving a copy of the summons and petition with Justin Anderson a member of the family, person served was above the age of sixteen years and willing to receive the summons and petition[.]

service and the statute of limitations. Affidavits from both Hart and her father were attached, and they stated that Hart never resided at the address listed in the summons and that Justin Anderson was not a member of their family.[3] Hart stated she resided at 101 North Eastabuchie Road in Moselle, Mississippi. In addition, Hart noticed the motion for a hearing to be held on January 20, 2022.

¶4. Havard filed a response on January 13, 2022, arguing that Hart had been properly served and that the motion to dismiss was untimely. The response alleged that "[i]n good faith, counsel for [Hart] was notified via email on November 19, 2020 that service was made upon their client" with the complaint and summons attached. Hart filed a memorandum in response on January 17, 2022. On February 28, 2022, Hart filed a notice of a hearing for May 2, 2022, on the motion to dismiss.

¶5. On April 26, 2022, Havard filed a motion to supplement her response to Hart's motion to dismiss with an affidavit of Christopher Entrekin, the process server. Entrekin stated that he was given an Accurint report[4] on Hart and "looked for [her] on social media." The report initially led Entrekin "to an address in a trailer park" to effectuate service, but the home was unoccupied.[5] However, he was "approached by [a] person who exited the neighboring trailer and was informed that [Hart] was now living at a small home on Ryland Road." That address

---

[3] In fact, neither Hart nor her father claimed to know Anderson at all.

[4] Our record on appeal suggests "Accurint" is a tool used to search public records online.

[5] The affidavit does not list an address for the trailer Entrekin initially visited, but the order of dismissal appears to confirm the address was the one listed on the initial summons, 8444 Highway 613, Lot 4 in Moss Point.

was also listed in the Accurint report. Anderson answered the door, and "Hart appeared behind him asking who I was and what did I want before walking off." Anderson "agreed" to give the summons to Hart, so Entrekin "handed everything to him and left." Entrekin further stated he "recognized both Justin Anderson and Avie Hart from a Facebook search [he] did after receiving the Accurint report."

¶6. On November 21, 2022, the court entered an order ruling on Hart's motion to dismiss.[6] The order explained:

> If a defendant cannot be personally served, service of process upon anyone other than a family member or someone authorized to accept service on their behalf is improper. Although notice of this issue had been made by counsel for the Defendant, the Plaintiff failed to move for an extension of time in which to serve the defendant.

The court noted that a plaintiff may rebut an improper-service allegation by establishing good cause. However, "[t]he process server relied solely on social media posts" to deduce that Anderson and Hart were related and "neglected to take any further steps" after being informed process had not been served. Accordingly, the court dismissed Havard's complaint without prejudice. On November 30, 2022, Havard filed a motion to alter or amend the judgment and for reconsideration and other relief. The court denied that motion on February 10, 2023. On March 6, 2023, Havard appealed.

**DISCUSSION**

¶7. Havard argues the trial court abused its discretion by finding that Hart was not served

---

[6] The order was signed on June 6, 2022, but was not entered until November 21, 2022.

with process.[7]  Alternatively, she argues the circuit court erroneously found that Havard did not show good cause.

## I.      Service of Process

¶8.      The Mississippi Rules of Civil Procedure state that if an individual cannot be served with process directly with "reasonable diligence," service "shall be made" as follows:

> by leaving a copy of the summons and complaint at the defendant's **usual place of abode with** the defendant's spouse or **some other person of the defendant's family** above the age of sixteen years who is willing to receive service, and by **thereafter mailing a copy of the summons and complaint** (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. . . .

M.R.C.P. 4(d)(1)(B) (emphasis added).  "When service of process is contested, the trial court must make findings to resolve disputed issues of fact."  *Villavaso v. S.H. Anthony Inc.*, 309 So. 3d 587, 594 (¶20) (Miss. Ct. App. 2020) (quoting *Span ex rel. Span v. Nichols*, 306 So. 3d 781, 791 (¶33) (Miss. Ct. App. 2020)).  "With regard to service of process, this Court applies an abuse-of-discretion standard of review to the trial court's findings of fact."  *Id.* (quoting *Long v. Vitkauskas*, 228 So. 3d 302, 304 (¶5) (Miss. 2017)).  "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed a discretionary ruling and entitled to deferential review."  *Collins v. Westbrook*, 184 So. 3d 922, 929 (¶16) (Miss. 2016) (citing *Rains v. Gardner*, 731 So. 2d 1192, 1197-98 (Miss.

---

[7]  Havard also asserts that the email (contained in the record) from her attorney to Hart's attorney is proof of proper service on the single point that it provided notice.  However, "Mississippi precedent establishes that actual knowledge of a suit **does not excuse** proper service of process."  *Anderson v. Pascagoula Sch. Dist.*, 218 So. 3d 296, 303 (¶29) (Miss. Ct. App. 2017) (emphasis added) (quoting *Spurgeon v. Egger*, 989 So. 2d 901, 907 (¶22) (Miss. Ct. App. 2007)).  Proper service is still required.  *Id.*

1999)). "When reviewing fact-based findings, this Court examines whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Id.*

¶9.    "If a process server has executed a return properly, there is a presumption that service of process has occurred." *Id.* at 929 (¶18) (citing *Pointer v. Huffman*, 509 So. 2d 870, 872 (Miss. 1987)). "[T]his presumption that service has been effected is rebuttable through the use of extrinsic evidence, including the testimony of the party who is contesting service." *Id.* (citing *McCain v. Dauzat*, 791 So. 2d 839, 842 (Miss. 2001)). "[T]estimony by the contesting party, if believed, is sufficient to overcome the presumption and to support a finding that she was not served." *Long*, 228 So. 3d at 305 (¶9) (quoting *Lampton-Reid Co. v. Allen*, 177 Miss. 698, 714, 171 So. 780, 783 (1937)). In this case, Hart presented plenty of testimony through her own affidavit, as well as her father's, to rebut the presumption of proper service. The trial court is permitted to make findings of fact regarding service of process "based on affidavits with or without live testimony or depositions." *Villavaso*, 309 So. 3d at 594 (¶20) (quoting *Span*, 306 So. 3d at 791 (¶33)).

¶10.    The affidavits Hart filed state that neither address the process server visited was her actual address. "[A] person's usual place of abode is the place the person is **actually living** at the time when the service of process is made." *Priede v. Jones*, 282 So. 3d 1266, 1271 (¶14) (Miss. Ct. App. 2019) (emphasis added) (citing *Alpaugh v. Moore*, 568 So. 2d 291, 293 (Miss. 1990)). Entrekin's affidavit made clear that he obtained the addresses from the Accurint report completed on Hart. That, however, is not enough to prove that Hart was

6

"actually living" at the Ryland Road address. In fact, Hart's father affirmed that **he** lived at the Ryland Road address at the time of service, and Hart did not live with him. Hart and her father both stated that she was living at the address in Moselle at the time of the alleged service. Havard did not present any evidence to contradict this fact. Our procedural rules require that "a copy of the summons and complaint [be left] at the defendant's usual place of abode[.]" M.R.C.P. 4(d)(1)(B). Havard did not meet this requirement.

¶11. Additionally, Rule 4 requires that the summons and a copy of the complaint be left with "the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service[.]" *Id.* Havard's proof of service explicitly stated that the summons and complaint were left with Justin Anderson, "a member of the family." However, Hart and her father both stated in their affidavits that Anderson is not a member of their family. What is more, Hart and her father both alleged that they did not know Anderson at all. Entrekin maintained in his affidavit that Anderson is related to Hart merely based on the information he gathered "from a Facebook search[.]"

¶12. In this case, the trial court made the following findings of fact:

(1) "The address that the summons was originally issued for was 8444 Highway 613, Lot 4, Moss Point, Mississippi."
(2) "[A]fter speaking with neighbors, the process server learned that Hart may now be residing at 3616 Ryland Road, Moss Point, Mississippi" and served process there.
(3) "The address at which process was served . . . would not have been Hart's usual place of abode" because Hart's affidavit stated "she resided at 101 North Eastabuchie R[oa]d[] in Moselle, Mississippi."
(4) Process was served "by leaving a copy of the summons and petition with Justin Anderson" who the process server alleged was "a member of the family."
(5) "The process server relied solely on social media posts to form his

7

assumption that Hart was related to Mr. Anderson" but Hart's affidavit stated that Anderson was "not a family member' and Hart did "not know Justin Anderson."

(6) "Moreover, after process was served on Mr. Anderson, counsel for Hart contacted counsel for Havard in order to inform him that process was not served on Hart."

(7) "After being notified, Havard neglected to take any further steps to satisfy this issue, and was not heard from until the motion to dismiss was filed." Finally, Havard never "moved for an extension of time in which to serve" Hart.

The supreme court has clearly stated that appellate courts should give "deferential treatment" to a trial court's findings of fact. *See Crawford ex rel. Hodge v. E. Miss. State Hosp. Inc.*, No. 2022-CA-00753-COA, 2024 WL 1873734, at *4 (¶20) (Miss. Ct. App. Apr. 30, 2024) (quoting *Univ. Med. Ctr. v. Martin*, 994 So. 2d 740, 746 (¶24) (Miss. 2008)). There is no proof Anderson was an actual family member other than Entrekin's affidavit stating the two were related based "solely on social media posts." Again, "[w]hen reviewing fact-based findings, this Court examines whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Collins*, 184 So. 3d at 929 (¶16) (citing *Rains*, 731 So. 2d at 1197-98). From our review of the record, there was substantial evidence to support the trial court's finding of facts in its written order dismissing this cause. Therefore, this Court finds no abuse of discretion in the circuit judge granting Hart's motion to dismiss.

## II. Good Cause

¶13. Havard also argues the circuit court erred by determining that she did not show good cause to rebut the improper service allegation. "The Rules of Civil Procedure provide that if a plaintiff can establish good cause for failing to serve process on a defendant within 120

8

days of filing his or her complaint, dismissal is not an appropriate remedy." *Id.* at 929 (¶19) (citing M.R.C.P. 4(h); *Webster v. Webster*, 834 So. 2d 26, 28 (Miss. 2002)). "A determination of good cause is a discretionary ruling by the trial court and is reviewed for an abuse of discretion and whether substantial evidence supports the determination." *Est. of Puckett v. Clement*, 238 So. 3d 1139, 1147 (¶24) (Miss. 2018) (citing *Martin v. Lowery*, 912 So. 2d 461, 467 (Miss. 2005)).

¶14. "To establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Collins*, 184 So. 3d at 929-30 (¶19) (citing *Webster*, 834 So. 2d at 28). "[T]o demonstrate good cause, the plaintiff must show that a diligent effort was made to serve the defendant in a timely manner." *Id.* (citing *Foss v. Williams*, 993 So. 2d 378, 379 (Miss. 2008)). Havard argues that she showed good cause through her "good faith reliance" on the "experienced process server" she hired. However, "[p]lacing blame upon a process server, without more, is insufficient to demonstrate good cause." *Pennington v. Crawford*, 247 So. 3d 284, 287 (¶12) (Miss. Ct. App. 2017) (quoting *Copiah Cnty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 167 (¶16) (Miss. 2011)).

¶15. Here, Entrekin's affidavit indicated he served process on Anderson at the Ryland Road address. The day after Entrekin's service at the Ryland Road address, Havard's attorney "notified Hart via email" that service had been made. However, the email stated service was made on "another person." Additionally, the email stated that Hart was present at the time of service but "refused to accept the summons and complaint[.]" There is no

evidence in the record that Hart resided at Ryland Road other than Entrekin's assertion in his affidavit that neighbors gave him the address when he could not find Hart at the initial address he visited. Hart's affidavit asserts that she was not present at Ryland Road, did not live there, and never received service of process. Additionally, Havard never sought to re-serve Hart after receiving the motion to dismiss with Hart's affidavit attached. "Mississippi precedent establishes that actual knowledge of a suit **does not excuse** proper service of process." *Anderson*, 218 So. 3d at 303 (¶¶29-30) (emphasis added) (quoting *Spurgeon*, 989 So. 2d at 907) (affirming dismissal for improper service of process). Hart filed the motion to dismiss on October 11, 2021, and the hearing on that motion occurred on May 2, 2022. Havard never filed a motion to extend the time period for service of process or attempted to re-serve Hart. We give great deference to a trial court in its determination of whether good cause existed. *See Collins*, 184 So. 3d at 929 (¶16) (citing *Rains*, 731 So. 2d at 1197-98). Accordingly, this Court finds no abuse of discretion on the circuit judge's part by finding Havard failed to show good cause for not serving Hart with process.

## CONCLUSION

¶16.    This Court finds no evidence of abuse of discretion on the circuit judge's part in dismissing Havard's case or denying the motion to alter or amend the judgment. We therefore affirm.

¶17.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**